SEPT. TERM,
1837.

Yates, admx.
v.
Kimmel & Taylor.

---

YATES, ADMX. V. KIMMEL & TAYLOR.

1. Two counts cannot be joined in a declaration, in one of which the plaintiff sues as administratrix, and in the other in her individual capacity.
2. Nevertheless, such misjoinder is cured by verdict, and cannot be taken advantage of by motion in arrest.

ERROR to the circuit court of Perry county.

Cole, for plaintiff:
The plaintiff in error contends, first, that the circuit court erred in arresting the judgment below. Secondly, the circuit court erred in giving judgment for costs

SEPT. TERM,
1837.

Yates, admx.
v.
Kimmel & Taylor.

against her; and thirdly, if the judgment for costs be right, yet the circuit court erred in rendering a judgment *de bonis propriis*, when the action was brought by her as administratrix, and not in her individual right. Then, as to the first error, the court gives leave to amend. Does the plaintiff comply with this permission of the court? She does not. Instead of an amendment there is a new complaint filed, in which neither the plaintiff nor cause of action are the same. The defendants appear to this new action and plead, go to trial and are convicted. They waive the necessity of a writ, &c. It is true, the new declaration is formally defective, and a special demurrer would have lain, but it is now too late to complain after verdict, &c. The new declaration does not correspond with the process in the first action; this was necessary—1 Chitty, 249; it was an original proceeding to which the defendants appeared without process, &c. In the case of Boisse v. Langham, 1 Mo. Rep. 572, the supreme court have considered and defined an amended declaration, and the present case, considered in reference to that question and that decision, it must be conceded that the last count filed in the circuit court by the plaintiff in error in the above cause, was no amendment at all to the original proceeding; and if there was no amendment, there could be no misjoinder. The circuit court erred, therefore, in arresting the judgment. But if there be no error in the arrest of judgment, yet, secondly, the circuit court erred in rendering judgment against the plaintiff for costs. An arrest of judgment is a refusal to give judgment; and our statute concerning costs does not extend to such a case—Stat. of Mo. 127; Paugbum v. Ramsey, 11 J. Rep. 143. The circuit court, therefore, erred in this matter; and as to the third and last error assigned, I refer to the case of Laughlin et al. v. McDonald, 1 Mo. Rep. 684, to show that such a judgment is erroneous; and also, to 2 Impey's Practice, 453, when the form of a legal judgment in a case like the above is given.

*Brickey*, for defendant in error:

To sustain the correctness of the decision and judgment of the circuit court in this case, I assume the following positions or points, to be considered by this court:

1. Too many persons cannot be made plaintiffs, or the action must and will fail; for, if the legal interest of two or more be several, they must sue severally, and cannot join.

2. Where the cause of action, as well as the interest, is several, each and every one injured must sue severally, and cannot sue jointly.

3. The records in this case show that the injury complained of, as stated in two counts of the declaration, was done to property belonging to the plaintiff *as administratrix;* and also the same declaration shows the property belonged to the plaintiff in *her own right.* Therefore, notwithstanding the finding of a general verdict for the plaintiff, the court below could not give judgment for the plaintiff.

4. There being two separate and distinct interests shown in two several plaintiffs, by the several counts in the same declaration, it was impossible for the court to determine for which of those plaintiffs to give judgment; consequently, the decision of the circuit court in arresting the judgment was correct.

In support of the several points here laid down, I rely upon the following authorities:

1 Chitty's Pleadings, page 8. At law as well as in equity, courts will not take cognizance of distinct and separate claims or liabilities of different persons in one suit, though standing in the same relative situation—see same book, page 51.

If too many persons be made co-plaintiffs, the objection, if it appear on the record, may be taken advantage of, either by demurrer in arrest of judgment, or by a writ of error—1 Chitty, page 54. A plaintiff cannot join in the same action a demand as executor or administrator with another in his own right—see 1 Chit. Plea. 202; 2 Saunders' Rep. 117, note 2.

The consequences of a misjoinder are more important than the circumstance of a particular count being defective; for in the case of a misjoinder, however perfect the counts may be in themselves, the declaration will be bad on a general demurrer, in arrest of judgment, or upon a writ of error; and the plaintiff cannot, if the declaration be demurred to, aid the mistake by entering a *nolle prosequi,* so as to prevent the operation of the demurrer—1 Chitty, page 206.

An executor or administrator cannot, in the same action, join a demand in his own right with one in the right of the testator, or intestate; for the rights being of several natures, there must be several judgments. So a plaintiff shall not have an action against another to charge him as executor or administrator, and also in his own right; for the judgment in the one case is *de bonis*

SEPT. TERM, 1837.

Yates, admx.
v.
Kimmel & Taylor.

SEPT. TERM, 1837.

Yates, admx.
v.
Kimmel & Taylor.

*testatoris,* and in the other *de bonis propriis*—see 2 Saunders' Rep. page 117; 2 Bac. Abr. Executors and Administrators, page 92, letter O.

The law, as laid down in all the authorities above cited, would seem to show clearly that the declaration in this case is bad; nor can the verdict of the jury cure the defect; for such misjoinder, either by or against an executor or administrator, is a defect in substance, and therefore bad on a general demurrer, or in arrest of judgment, or on error.

EDWARDS, Judge, delivered the opinion of the court.

This was an action of trover, commenced by Yates, as administratrix, against Kimmel and Taylor. The declaration contained two counts, alleging the right of property to be in the plaintiff as administratrix; to which the defendants pleaded not guilty. At a subsequent term, the plaintiff obtained leave to amend her declaration, and under this permission filed a count, alleging the right of property to be in herself individually. Plea, again not guilty, and verdict for plaintiff. On motion of defendant, the court arrested the judgment, and afterwards gave judgment for the defendant for costs.

Two counts cannot be joined in a declaration, in one of which the plaintiff sues as administratrix, and in the other in her individual capacity.

The first question, upon this statement of the case, is, was there a misjoinder of actions? The plaintiff sued originally in her capacity of administratrix, and afterwards joined a count in the same action in her individual capacity. In a legal sense, the plaintiff, in her character as administratrix, is one person, in her character as an individual she is another and a different person. If the interest of two or more be several, and there be no express contract with all, they must sue separately. Here the interest of the plaintiff as administratrix, and her interest as an individual, are several and distinct interests, and should be pursued separately. The courts will not take cognizance of distinct and separate claims or liabilities of different persons in the same action—1 Chitty's Plea. 8 and 31. Nor can a person, in the same action, join a demand in his own right, and a demand as representative of another, or *in autre droit*, nor demands against a person on his own liability, and on *his* liability in his representative capacity—1 Chit. Plea. 200; nor can a person join in the same action a demand as executor and a demand in his own right—1 Chit. Plea. 203. In this case, then, there was a misjoinder of action.

Nevertheless,

The next question is, what are the consequences of this

misjoinder? The defendant might have demurred to the declaration, but after verdict no advantage can be taken of it in arrest of judgment, or upon error. When a verdict has been rendered in any cause, the judgment thereon cannot be stayed, or in any way affected, for any variance between the original writ, plaint, and declaration, or either of them—R. C. 468, s. 7. The count alleging the right of property to be in the plaintiff in her own right, is a variance from the original writ, which, after verdict, is cured by the statute. Nor can the judgment be stayed, or in any way affected, for the omission of any allegation or averment, without proving which the triers ought not to have given such verdict—R. C. 468, s. 7. Here was an omission to allege in the amendment to the declaration that the plaintiff claimed the property as administratrix; without proof of this allegation, the jury ought not to have found a verdict for the plaintiff. It must be presumed, therefore, that this matter was proved. The judgment of the circuit court is reversed and the cause remanded; and said court is directed to enter up judgment in favor of the plaintiff upon the verdict rendered by the jury.