## KENNEDY *vs.* STALLWORTH, Ex'r.

1. A declaration, which unites distinct demands, due in different rights, either in the same or several counts, is bad on general demurrer.

ERROR to the Circuit Court of Conecuh.    Tried before the Hon. John J. Woodward.

HOPKINS, for the plaintiff in error:

The defendant is sued as executor, and the declaration contains one count only, in which several causes of action are stated.—2 Saund. 338, top page, note 2.    The plaintiff is unquestionably entitled to the cause of action last described in the count against the defendant as executor, it being an account stated between the plaintiff and the defendant as executor of Thomas.—12 Serg. & R. 97-8-9.

The cause of action first stated in the count, being for money paid by the plaintiff for the use of the defendant as executor of Thomas, could be properly joined in one count with another count in the same declaration with an account stated.—14 Eng. Com. Law R. 77; Ashby v. Ashby, ex'r, 7 Barn. & Cres. 444.

The count contains three causes of action, and it is alleged in it that the defendant promised as executor to pay each of the three several sums of money.    Such promise would entitle the plaintiff to the second cause of action stated in the count against the defendant as executor, in a separate count with another in the same declaration, on an account stated.—Vanwyck v. Montrose, 12 Johns. R. 349-50.

The doctrine that a declaration is bad on demurrer for a misjoinder of causes of action, contained in different counts, does not apply to a declaration with a single count in which several causes of action are stated.    The principle applicable to this single count is the same which applies to a count in slander, in which some of the words alleged are actionable, and others not. The plaintiff is entitled to recover for the actionable words, regardless of those not actionable, and although they may not be actionable, because the count shows they were uttered by a third person, who might be held responsible for them, if he were

sued.—Chandler v. Holloway, 3 Port. 17-23-4. The demurrer to the declaration was, it seems to me, improperly sustained.

WATTS & JACKSON, for the defendant.

CHILTON, J.—The declaration in this case contains but one count, namely, that the defendant, as executor of the last will and testament of Mabry Thomas, deceased, on the 1st Jan. 1849, at &c., was indebted as executor, to the plaintiff, in the sum of $111 74, for money paid by the plaintiff for the use of the defendant as executor, &c., and in the like sum for work and labor, &c. done for the defendant as executor, and in the like sum for money found to be due upon an account stated between the plaintiff and the defendant as executor as aforesaid, and concludes that in consideration of said indebtedness, the defendant as such executor afterwards and before the commencement this suit promised to pay the said several sums, &c. A general demurrer was sustained to it, and its sufficiency is the sole question for our revision.

The declaration is clearly bad as uniting distinct demands due in different rights from the defendant. Upon a verdict for the plaintiff, it would not be possible for the court to know how to render judgment, whether *de bonis propriis*, or *de bonis testatoris*. The demands being incompatible, they cannot be declared on in the same or in different counts.—See Ebersoll v. King, *et ux.*, 5 Binn. 555; 2 Saund. R. 407-8, top page, and note 7; Strohicker v. Grant, 16 Serg. & R. 237; 7 Bacon's Abr., (Bouvier's edit.) 472, *et seq.*

Let the judgment be affirmed.