[ALBANY GENERAL TERM, May 7, 1860. *Wright, Hogeboom* and *Peckham,* Justices.]

---

DANIEL H. VIALL and others *vs.* JOHN M. MOTT and others.

Plaintiffs, by their complaint, sought to join a cause of action alleged to exist in their favor, as the heirs at law and legatees of Stephen G. with a cause of action in their favor as the legatees of Smith G.; two of the defendants being executors of Smith G. and a third being the administrator with the will annexed of Stephen G. And the defendants were called upon to account for both estates, although the parties proper to an accounting under the one will were not the same as those under the other. Nor were the defendants sought to be made liable under each will for the same property, or in the same character. The proportion of interest, also, to which the plaintiffs, or some of them, were entitled, so far as they were legatees or interested under both wills, was entirely different in the two cases. *Held,* on demurrer, that there was a misjoinder of causes of action; the matters not arising out of the same transaction, or transactions connected with the same subject of action, nor affecting all the parties to the action.

Viall *v.* Mott.

Well settled rules, prior to the code, forbade an attempt to settle in a single action, matters so entirely distinct and disconnected; and the provisions of section 167 of the code do not allow it.

THIS is an appeal from an order made at special term overruling a demurrer to the complaint. The complaint sets out the will of Stephen Germond, of Lansingburgh, dated 27th of August, 1836. By this will, *first*, all the testator's estate, real and personal, was given to Smith Germond in trust to sell and pay debts and legacies, as therein particularly specified. The next seven items contained various legacies given to his relatives.

*Ninth.* All the rest and residue of moneys arising from sale, &c. he gives to Smith Germond. If Smith Germond dies before he sells the real estate, then the executors of Smith Germond, or such of them *as shall qualify*, and the survivors, shall sell, dispose and convey, &c. all the real estate which shall remain unsold, and hold the money to the use and benefit of such persons, &c. as Smith Germond shall by last will, &c. limit and appoint. If Smith Germond make no such limitation or appointment by will, or if he die intestate, then his executors or administrators, as the case may be, shall sell, &c. and pay over proceeds to the *heirs* of Stephen Germond, giving males twice as much as females. Stephen Germond died September 5, 1836. His will was proved before the surrogate of Rensselaer, December 2, 1836, and Smith Germond qualified as executor. On the 4th September, 1840, Smith Germond made a will in which he named John M. Mott, Stephen G. Mott and James Germond as executors, all of whom qualified. By this will the executors were directed to sell his real and personal estate and convert it into money, and after paying debts he gave certain specific legacies. The residue is given to the children of Susan Mott and Samuel Germond, share and share alike. Smith Germond died October 2, 1840. His will was proved before the surrogate of Rensselaer, February 6, 1841, and all the executors named qualified and accepted the trusts. Smith

Germond did not, in his lifetime, fully execute the will of Stephen Germond. On the 16th of February, 1841, John M. Mott and Susan Mott were appointed administrator and administratrix with the will annexed of Stephen Germond, and it is alleged that they thereupon " *became vested with all the rights devised in trust by the said Stephen Germond, under his aforesaid will, to the said Smith Germond, and assumed all the obligations and duties imposed upon the said Smith Germond thereunder.*" On the 17th of April, 1843, James Germond was removed by the surrogate of Rensselaer from his office of executor of the will of Smith Germond. It is then alleged that certain real estate of Stephen Germond remained unsold and undisposed of by Smith Germond at the time of his death, and that in this respect the will of Stephen Germond remained entirely unexecuted, and that Smith Germond made no other limitation or appointment in respect thereto than appears by this will. The complaint then alleges that on the 12th of October, 1844, John M. Mott and Stephen G. Mott, as executors of Smith Germond, conveyed certain real estate to C. L. Tracy for $16,071.20, but in truth in trust for Mott, at whose request the premises were subsequently conveyed to one Osborn, and afterwards (except a small portion to the Troy and Boston Rail Road Company) to Isaac T. Grant for $14,589.60. That on the 25th of June, 1842, John M. Mott, S. G. Mott and James Germond, as executors of Smith Germond, conveyed some of the land to Aaron Perry for $15,253.65, which J. M. Mott received. That on the 21st of September, 1849, J. M. Mott and S. G. Mott conveyed a parcel of the land to Osborn for $230. That nothing was in fact paid, and John M. Mott remained in the use thereof. That in the month of May, 1834, J. M. Mott and S. G. Mott, as executors, sold one lot to Leander Freeman for $100, and J. M. Mott had the money. That on the 12th of October, 1834, they conveyed another lot to Isaac T. Grant for $240, and J. M. Mott had the money. That upon the death of Smith Ger-

mond, John M. Mott took possession of the several lots of land sold to Perry, Freeman and Grant, and so continued until they were sold, and received the profits thereof; and that he took and carried away wood and timber therefrom to the value of $1000, and that he is now in possession of that part of said premises not reconveyed by Osborn. That the property which came to John M. Mott, as administrator, was more than sufficient to pay the debts, legacies and the expenses of administration of Stephen Germond's estate, leaving a balance to be distributed; and that the property which came to J. M. Mott and Stephen G. Mott, as executors, was more than sufficient to pay the debts and legacies of Smith Germond and expenses of settling his estate.

The complaint alleges the promise of John M. and Stephen G. Mott to account for the proceeds of said real estate. It is then alleged that Smith Germond in his lifetime paid off all the legacies in Stephen Germond's will, except the two legacies in the third item of $300 each. That no part of the legacies bequeathed by Smith Germond to Lavina Germond, Phebe Grant, Almira Mynders, Rebecca Jane Levins and Mary E. Viall, had been paid, except $1000 to Phebe Grant, on the 15th of April, 1842. That all the legacies mentioned in Smith Germond's will have been paid, except such as are due to parties in this action. That John M. Mott and Stephen G. Mott have realized money from said real estate, sufficient for a large distribution among the heirs of Stephen Germond. That upon the death of Smith Germond, Susan Mott and others (naming them) were the heirs at law of Stephen Germond, deceased. The complaint then avers that, upon the death of Smith Germond, said real estate vested in the heirs at law of Stephen Germond, subject to the execution of the power, and that said heirs are entitled to said proceeds. That the legatees of Smith Germond insist that said real estate vested in Smith Germond in fee and passed under his will, and that his legatees are entitled to resort to the same for the satisfaction of their unpaid lega-

cies.   And that by reason of their conflicting claims, all who are made parties are necessary to a complete determination of the whole controversy.

The prayer of the complaint·was, that John M. Mott and Stephen G. Mott might account for all the matters stated in the complaint; that they be charged with the proceeds of the sale to Isaac Grant, Aaron Perry, the Troy and Boston R. R. Company and Leander Freeman, including the proceeds 'of the sale to Grant, with the rents, issues and profits of all the real estate occupied by them, and the value of the wood and timber, " together with all other property and things in action of every name and nature in their possession before mentioned, and with all sums of money due from them, for which they are chargeable herein." That the conveyances to Osborn may be declared void, except as to the lots sold to Grant and the Troy and Boston Rail Road Company. That it be determined that the money, land or proceeds belong to the heirs of Stephen, and not to the legatees of Smith Germond. That the land be sold, and the whole proceeds be distributed to the heirs of Stephen Germond, crediting Mott for payments made upon the legacies, as should be just; and that John M. Mott and Stephen G. Mott might be decreed to pay the costs of the action; and for general relief.

The defendants Stephen G. Mott and others, and John M. Mott, demurred to this complaint (being an amended complaint) and assigned several causes of demurrer; among others, that the plaintiffs as legatees of Smith Germond have no interest in the real estate (or its proceeds) of Stephen Germond; that the plaintiffs claim as heirs at law of Stephen Germond, and as legatees of Smith Germond; and that the claims are inconsistent and incapable of being united in the same action; that there is a defect of parties, inasmuch as the legal representatives of Sarah E. Kempton and Lydia P. Butler, and the assignees of the mortgage from Osborn to Mott, were not made parties.

These demurrers came on for hearing at a special term be-

fore Justice GOULD, at Troy, in December, 1859.   He over-
ruled the same, giving the defendants leave to answer on
payment of costs.   From his order the defendants John M.
Mott and Stephen G. Mott and others appealed to the gen-
eral term.

*Geo. Van Santvoord,* for the plaintiffs.

*John H. Reynolds,* for the defendants.

*By the Court,* HOGEBOOM, J.   The defendants urge two
grounds of demurrer to the plaintiffs' complaint.   1. That
there is a misjoinder of causes of action, in that the plaintiffs
seek to join a cause of action alleged to exist in their favor as
the heirs at law and legatees of Stephen Germond with a cause
of action in their favor as the legatees of Smith Germond; and
2. That there is a defect of parties defendant, in that the legal
representatives of Sarah E. Kempton and Lydia P. Butler,
and the persons to whom John M. Mott transferred the Os-
born mortgages, and the legal representatives of other persons
interested in the proceeds of the property in controversy, who
have died since the death of Stephen Germond and Smith
Germond, are necessary parties to the action.

1. As to the first ground of demurrer, I was not at first
impressed with the idea that the plaintiffs claimed, in any
way, through or under Smith Germond.   There is some con-
fusion arising, in the case, from the statement in the com-
plaint of the contents and legacies of both the wills of
Stephen Germond and Smith Germond, and of the fact that
all the legacies in Smith Germond's will are paid, except such
as are due to parties in the action.   But so far as I am able
to comprehend the object of the complaint, (which certainly
seems to contain some unnecessary statements,) its main pur-
pose seems to be to compel the defendants John M. Mott and
Stephen G. Mott to *account* for portions of the real estate of
Stephen Germond, sold by them, and of which they have re-

ceived the proceeds, and to make distribution thereof among the plaintiffs, as the heirs of the said Stephen Germond, and the assigns of such heirs, and to *declare void* certain sales and conveyances of other portions of said real estate, made by them to William Osborn, (except the lots conveyed to Isaac T. Grant and the Troy and Boston Rail Road Company,) and to have said last named portions of land sold under the order of the court and the proceeds distributed among the plaintiffs, as the heirs, and assigns of heirs, of Stephen Germond aforesaid.

But the complaint also prays that the defendants John M. Mott and Stephen G. Mott may be directed to make an account of *all and singular* the matters therein stated, and that in such account they may be charged not only with the *proceeds* of the real estate sold, with the *rents, issues and profits* of the real estate occupied by them, with the *value* of the *wood and timber*, (cut off or removed by them,) but with *all other property* and things in action of every name and nature in their possession *therein* (in the said complaint) before mentioned, and with *all sums of money* due from them for which they are chargeable, receiving credit for the amounts paid by J. M. Mott upon any of the legacies in the will of Stephen Germond, and that the amounts for which he was credited on account thereof, in the accounting before the surrogate, may be equitably adjusted.

Now the complaint, in the stating portion thereof—antecedent to the prayer—alleges that John M. Mott, as administrator with the will annexed of Stephen Germond, deceased, had in his possession property of the estate of said deceased, more than sufficient to pay all debts, expenses and specific legacies, and that a large balance thereof remained in his hands for distribution, to a portion at least of which the plaintiffs are alleged to be entitled. From other allegations in the complaint it appears that the property of Stephen Germond, for which the defendants are sought to be made to account, is in part real estate improperly or fraudulently

sold; the proceeds of other real estate sold; and the amount of at least two legacies of $300 each, given by the will of Stephen Germond, deceased.

The complaint further expressly alleges that the property which came into the hands of John M. Mott and Stephen G. Mott, as executors of *Smith* Germond, deceased, was more than sufficient to pay his debts, funeral expenses, and the expenses of administration, and the legacies bequeathed by his will. The will further alleges that several of the legacies given in the will of Smith Germond, to the *plaintiffs* and others, have never been paid.

It is plain from this statement of a portion of the complaint, that the defendants are sought to be made liable in this action to account for both estates—that of Stephen Germond, and that of Smith Germond. The prayer is, that John M. Mott and Stephen G. Mott may thus be required to account. Stephen G. Mott is not an executor of the will of Stephen Germond, nor an administrator with the will annexed, nor has he any other (alleged) connection with John M. Mott as a legal representative of that estate.

John M. Mott and Stephen G. Mott are two of the executors of the will of Smith Germond, deceased; and although James Germond, the third executor, is now made a party defendant in consequence of a demurrer to the complaint for that cause, as originally framed, yet no relief is sought against him, unless it can be had under the allegations in the complaint under the prayer for general relief. Other difficulties present themselves. The parties proper to an accounting under the one will are not the same as those under the other. Some of the persons who are proper parties to the one would be wholly unnecessary and improper parties under the other. The defendants are not sought to be made liable in each will for the same property, nor in the same character. As to the unpaid legacies under the will of Smith Germond, they are merely chargeable and are only attempted to be charged as *executors*. As to the will of Stephen Germond, they are, in

respect to the unpaid legacies, only chargeable as *executors.* As to the real estate, sold or unsold, they are sought to be charged as *nominees* or *donees of a power in trust.* The proportion of interest, also, to which the plaintiffs (or some of them) are entitled, so far as they are legatees or interested under both wills, is entirely different in the one case from what it is in the other. It would lead to much confusion if it were attempted to settle in a single action matters so entirely distinct and disconnected. Well settled rules, prior to the code, forbade it, and the provisions of section 167 of the code do not allow it. These matters do not arise out of the same transaction, or transactions connected with the same subject of action; nor do they affect all the parties to the action.

The decision of this ground of demurrer adversely to the plaintiffs renders it unnecessary to discuss the objection of a defect of parties.

The order of the special term should be reversed, with costs, and judgment given for the defendants, on the demurrer, with costs, with leave to the plaintiffs to amend, on payment of costs.

[ALBANY GENERAL TERM, September 3, 1860. *Gould, Hogeboom* and *Peckham*, Justices.]