MERTENS *et al., Appellants*, v. LOEWENBERG.

1. **The Wife is a Necessary Party** to an action by her husband to recover her interest in trust funds.

2. **A Personal Action** cannot be united with one brought in a representative capacity.

*Appeal from Gasconade Circuit Court.*—HON. A. J. SEAY, Judge.

This was a suit instituted by the plaintiff, in right of his wife, and as administrator of the estate of Armin Kaempf, deceased, to recover $5,000 and interest from Elizabeth Kaempf, wife of the defendant, being money obtained by her from the Life Association of America on

a policy issued on the life of Ferdinand Kaempf, deceased, for the use and benefit of the wife of said plaintiff, and his intestate, children of said Ferdinand Kaempf.

*Lay & Belch* for appellants.

The husband had the right of action without joining his wife. *Cruchow v. Brown*, 37 Mo. 38. She might have been a party, but a complete determination could be had without her presence. Where a discharge by the husband alone is a complete acquittance, he may sue alone. *Hapgood v. Houghton*, 22 Pick. 480. A legacy accruing to a wife, either before or after coverture, may be recovered by the husband in his own name. *Jones v. Patterson*, 11 Barb. 572. The act of 1875 has in no wise changed the status of husband and wife, it only protects her property as against the husband's creditors, and establishes a different rule between creditors and the wife as to the effect of possession. It has always been the law that in cases of legacies the wife's distributive share in an intestate estate accruing to her after coverture, can be recovered by the husband. *Garforth v. Bradley*, 2 Ves. Sr. 675 ; *Carr v. Taylor*, 10 Ves. 578; *Schuyler v. Hogle*, 3 Johns. Ch. 196 ; *Tucker v. Gordon*, 5 N. H. 564; *Ross v. Wharton*, 10 Yerg. 190 ; *Goddard v. Johnson*, 14 Pick. 352. By authority, the action could be maintained by the husband alone. But should it be otherwise, the objection could not be raised by demurrer, but should have been taken by answer, for the reason that it does not appear clearly upon the facts of the petition that the money came to the wife before coverture.

*Rudolph Hirzel* and *John R. Martin* for respondents.

NORTON, J.—The only question presented in this case is, whether the trial court erred in sustaining the demurrer to the petition filed by defendants.

. The petition sets out that one Ferd. Kaempf, former husband of defendant, Elizabeth Loewenberg, had his life

14—69

insured in the Life Association of America, in the sum of $5,000, for the benefit of his children, but that it was provided in the policy of insurance, that his wife, Elizabeth, should draw and receive said $5,000 from the said Life Association in trust for his children, upon the death of said Ferd. Kaempf; that said Ferd. Kaempf died intestate in January, 1870, and that on the 16th of March,1870, said sum of $5,000 was paid by said Life Association of America to the defendant, Elizabeth Loewenberg, then Kaempf, widow of said deceased; that the defendant, Elizabeth Loewenberg, then Kaempf, widow of said Ferd. Kaempf, afterwards inter-married with her co-defendant, A. Loewenberg, who is now her husband; that said Ferd. Kaempf left surviving him two children, a daughter, Amanda Kaempf, who inter-married with complainant, G. A. Mertens, her present husband, and a son, Armin Kaempf, who shortly thereafter died intestate, and of whose estate G. A. Mertens, the complainant, became administrator, and is now acting as such; that the complainant, G. A. Mertens, as the husband of said Amanda Kaempf, now Mertens, and as the administrator of said Armin Kaempf's estate, is entitled to have and recover of defendants said sum of $5,000 with ten per cent. interest; that he has duly demanded the same, and payment thereof was refused, wherefore he prays judgment against defendants for said sum and interest and costs.

The said petition of complainant, in its second count, further sets forth : That defendant, Elizabeth Loewenberg, has, since the receipt of said $5,000, inter-married with Adolph Loewenberg, and has, therefore, no capacity to act as trustee; that defendant, Elizabeth Loewenberg, is justly indebted to the plaintiff in the sum of $5,000, and interest from March 16th, 1870, and that she refuses to pay the same, and the plaintiff has now commenced suit for the recovery thereof; further, that defendant, Elizabeth Loewenberg, loaned to plaintiff, G. A. Mertens, $2,674.61, and that plaintiffs have reason to believe, and do believe,

that the money so loaned to the plaintiff, G. A. Mertens, is the same that defendant recovered on the said life policy above stated ; that these defendants, at the November term 1875, of the Gasconade circuit court, recovered a judgment again said G. A. Mertens, and others as security, for the sum of about $3,000, and that defendants are threatening to issue executions on said judgments, and levy and make the money from said G. A. Mertens; that the defendant, Elizabeth Loewenberg, is insolvent, and has no property except a certain house in the town of Hermann, of which the title is in dispute, and is so precarious as to render the same worthless as a security, and that plaintiffs are, therefore, in danger of losing the money due them from defendants, and that the same will be entirely lost unless the defendants be restrained from collecting the same until plaintiffs may recover judgment for the money so due them; that the plaintiffs have no adequate remedy at law, and no means of recovering the money due them, other than to have defendants enjoined from collecting said judgment, against said G. A. Mertens, until plaintiffs can recover in the suit against defendants, the amount received by said Elizabeth Loewenberg, as trustee for plaintiff.

The facts admitted by the demurrer, show that Amanda, the daughter of Kaempf, deceased, and the wife

1. THE WIFE IS A NECESSARY PARTY of plaintiff, acquired an interest in the insurance money sued for previous to her marriage with plaintiff, and we think that under section 1, Acts 1875, pages 61, 62, she was a necessary party to the action. The act provides " that any personal property, including rights to action, belonging to any woman at her marriage, or which may have come to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means, or be due to her as wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her sole and separate property, and under her sole control, and shall not be liable to be taken by any

process of law for the debts of the husband." The object of this statute would be defeated if plaintiff were allowed to sue for and recover in his own name and for himself, the interest of his wife in the money held in trust for her by defendant, and she not having been a party, the petition was totally defective.

The demurrer to the petition was also well taken on the further ground, that Mertens, as administrator of Kaempf, deceased, could not in the same action, claim a debt due to himself personally, and also a debt due to him in his representative character as administrator. Dicey on Parties, 236; *Yates v. Kimmel*, 5 Mo. 87.

2. A PERSONAL ACTION.

Judgment affirmed, in which the other judges concur.

AFFIRMED.