THE STATE OF KANSAS, *on the relation of S. B. Bradford, Attorney General,* v. THE BOARD OF COMMISSIONERS OF RENO COUNTY.

*Original Proceeding in Mandamus.*

THE opinion herein, filed at the session of the court in January, 1888, states the material facts.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

*Whiteside & Gleason,* for defendant in error.

*Per Curiam:* The defendant has filed a motion to quash the alternative writ of mandamus, and thereby two questions are raised which go to the sufficiency of the writ. They are as follows: First, that there is a misjoinder of causes of action ; second, that the law under which the elections are sought to be called has been repealed; therefore, that the elections, if called, would be void and the bonds invalid.

It appears from the writ that on the 25th day of May, 1887, the petitions of more than two-fifths of the resident tax-payers of Sumner, Roscoe, Albion, Loda, and Bell townships, of Reno county, were presented to the board of commissioners of that county, asking for elections to submit propositions to subscribe to the capital stock of the Kansas Southwestern Railway Company. The petitions of Sumner, Roscoe, Albion and Loda were duly canvassed, and found sufficient. In the petition of Bell township there was some error, and it was permitted to be withdrawn for correction, but was re-signed and re-filed on May 27, 1887, the date to which the board adjourned. Upon that date the board refused to consider and canvass the petition of the resident tax-payers of Bell township, and refused to fix the date of the elections of the other townships. These proceedings were commenced in this court on June 13, 1887; the alternative writ commanding action on June 21, following. We think the motion as to misjoinder well taken. Each township is entitled to a separate election, and the question of the rights of one township is in no wise dependent upon the rights of the others. We do not think the state can join these various and separate causes of action in this proceeding. (Civil Code, §§ 35, 83, 89.) The state, however, will be permitted to file several alternative writs, and an action will be docketed for each of said writs, and the same will be proceeded in without further service. The defendants, however, will have twenty days from this date to make return to said alternative writs. (Civil Code, § 92.) In other cases somewhat similar to this, peremptory writs of mandamus have been awarded against boards of county commissioners for separate elections in sev-

eral townships. But in these cases no demurrer was filed upon the ground of misjoinder, nor any other objection made therefor. (*The State v. Comm'rs of Rush Co.*, 35 Kas. 150.)

The laws under which the petitions of the several townships were presented, were repealed by chapter 183, Laws of 1887, which took effect July 1, 1887. Section 2 of that chapter contains these clauses:

"*Provided*, nothing herein contained shall be construed to impair any rights accrued under the acts hereby repealed; *provided*, that nothing in this act shall affect any aid voted or election pending at or prior to the time when this act goes into effect."

It was the official duty of the board of county commissioners of Reno county to call the several elections in the various townships. If the board had performed that duty on May 26, 1887, or May 27, 1887, or on the 21st day of June, 1887, when the alternative writ in this case commanded action, the several elections would have been pending when chapter 183, Laws of 1887, went into effect. Under these circumstances we do not think that the provisions of said chapter 183 prevent this action, or render it nugatory. The rights of the taxpayers of the several townships cannot be defeated by the wrongful action of the board of county commissioners.