FAUST ET AL., PLAINTIFFS IN ERROR, v. SMITH, DEFEND-
ANT IN ERROR.

1. PLEADING.
A complaint in an action against a firm, which alleges a distinct and in-
    dependent indebtedness against each member thereof, does not state
    a cause of action.
2. PLEADING—JOINDER OF CAUSES OF ACTION.
Several causes of action which do not affect the parties in the same char-
    acter and capacity may not be united in the same complaint.

*Error to the County Court of Phillips County.*

Messrs. BARTELS & BLOOD and Mr. W. D. KELSEY, for
plaintiffs in error.

Mr. J. S. BENNETT and Mr. P. J. DEMPSTER, for defend-
ant in error.

THOMSON, J., delivered the opinion of the court.

Frank M. Smith brought his action in the court below
against William H. Faust and Mahlon Faust, partners under
the firm name and style of the Faust Lumber Company.   A
writ of attachment was issued in the case, under and in pur-
suance of which certain moneys due the copartnership were
garnished.   The cause of action stated in the complaint is an
indebtedness from William H. Faust for medical services ren-
dered and medicines furnished to him by the plaintiff, and at
his special instance and request, and an indebtedness from
Mahlon Faust for medical services rendered and medicines
furnished to him by plaintiff, and at his special instance and
request.   The defendants demurred to the complaint, for the
following among other reasons : First, that the complaint did
not state facts sufficient to constitute a cause of action ; and,
second, that several causes of action were improperly united
in the complaint.   The demurrer was overruled, and judg-

ment given against each defendant for the amount of plaintiff's claim against him. The defendants bring the case here by writ of error.

The plaintiff's theory of his case is not obvious. Whether it was intended as a suit against the copartnership, or as a suit against the individual defendants, does not very clearly appear from the record. The cause is entitled against the firm. The summons is directed to the copartnership by its firm name, and the writ of attachment commands the sheriff to attach the property of.the firm, while the complaint alleges a distinct and independent indebtedness against each member of the firm. If we consider this as a suit against the firm, then no cause of action is stated in the complaint, because the indebtedness it sets forth is not a partnership indebtedness. If, on the other hand, we regard it as a suit against the individual defendants, then several causes of action are improperly united. Section 70 of the Civil Code permits certain causes of action to be united in a complaint, but they must affect the parties in the same character and capacity. Here a claim is made against each defendant, with which the other has no connection, direct or remote, and by which he is not affected in any character or capacity. In either view of the case, the demurrer should have been sustained, and because it was overruled the judgment must be reversed.

*Reversed.*