Bissell, J.,
delivered the opinion of the court.
The plaintiffs in error, who were doing business as co-partners under the name of The Kansas City Bag Manufacturing Company, in 1893 sold several lots of sacks and burlaps *549 to The Monte Vista Farmers’ Milling & Elevator Company. The total amount of sales was 1363.13. The goods were not paid for, and this action was brought to collect what was due. The defendants, of whom there were five, were directors of the Milling & Elevator Company in 1893 and 1894. The complaint contained all the averments necessary to a statement of the cause of action, as the plaintiffs conceived it, to make the defendants liable for the debt. It was charged that the defendants were directors in the month of January, 1893, and failed to file their report within 60 days of that date, and that the debt was contracted in the ensuing year. It also alleged a failure from that time forward to the commencement of the action to file the statutory report. The complaint also charged that these same defendants were directors of the Milling & Elevator Company in the year 1894, and failed to file their January report within 60 days from the 1st of January, 1894. There was no omission of any allegations material to the statement of the plaintiffs’ cause of action as they brought it. The defendants demurred on two grounds : That several causes of action were improperly united in a single count; and that the facts stated were insufficient to constitute a cause of action. The demurrer was sustained, the plaintiffs stood on their complaint, and prosecute error to reverse the judgment.
Treating the subject inversely, the defendants insist the judgment may be supported because the plaintiffs attempted to join two causes of action in their complaint, which cannot properly be united under the code provision regulating the joinder of actions, which is a defect that may be reached by the demurrer, and also because the act on which the suit is predicated is unconstitutional. Neither of. these positions seems to us to be well taken or available. We are not inclined to consider or determine the sufficiency and accuracy of the argument on which the first proposition is supported, .for we do not regard it as legitimately before us. The proposition insisted on is that since the code only permits the joinder of causes of action of this class when they sound in *550 damages only, and the action brought cannot technically and legitimately be held to be one sounding in damages only, therefore, if there be two causes of action, the one for the default in 1893,' and the other for the default in 1894, they could not be rightfully joined in one suit. The trouble with the position is, the demurrer was for the improper union of the causes in a single count, and not for the improper joinder of causes of action. As we understand it, the remedy of the defendants in the first instance was by motion to separate the two causes, and then by demurrer to the causes as separated ; for it has been held that under our code the objection that several causes are improperly joined in one count cannot be taken by demurrer, but must be taken by motion, otherwise it is waived. Brewer v. McCain, 21 Colo. 382.
We should possibly be less conservative in the expression of our opinion but for the fact that this question was practically undetermined by the lower court, which held the suit unmaintainable because the statute under which it was brought was unconstitutional. Since this was really the question which the court decided, and whereon it entered judgment for the defendants, we are disinclined to express our views respecting the first proposition, though, in any event, what we might say would probably be obiter.
In respect to the unconstitutionality of the statute, we are inclined to be equally brief, and to limit the opinion to a bare statement of our views in the premises, because, if the parties are aggrieved by our conclusion, the question can be presented to the court which has the final arbitrament of such matters, and a conclusion and satisfactory settlement of the constitutionality of this particular statute be secured. We are further inclined to this procedure because the statute has been in force for upwards of twenty years, many suits have been brought on it, judgments rendered and affirmed on appeal, and thus far this particular question seems not to have been suggested by counsel or considered by the courts. It may be that this is a very unsubstantial argument on which to predicate our conclusions, but we are quite of the opinion this. *551 fact shows a pretty general consensus of professional conclusion on the subject. Besides, so far as we are able to see, that question has been practicallj1, settled by the supreme court in several cases. The particular constitutional provision which compels the legislature to express the subject-matter of an act in its title has been many times before that court, and it has always reached one conclusion, which may be very succinctly expressed. It is wholly unnecessary that the title should express all the matters which the act attempts to provide for, and, wherever any matter which is contained in the statute may be said to be fairly germane to the subject-matter referred to in the title, the act will be held constitutional. Golden Canal Co. v. Bright, 8 Colo. 144; Clare v. People, 9 Colo. 122; In re Pratt, 19 Colo. 138.
It is a little difficult to conceive of anything more germane to the title of this act than the statutory regulation respecting the organization and conduct of corporations. The title of the act is, “ An Act to Provide for the Formation of Corporations.” It onty embraces one subject, and the only inquiry is whether the particular provision under consideration is germane to that subject. The statute under which the action is brought provides that, within 60 days after the 1st of January of each year, the then directors of the corporation must file their reports in the proper offices, showing the amount of capital stock paid up, and the amount of the corporate debts, thereby disclosing to the public who-may deal with them the general financial condition of the corporation. A failure to comply with the statute renders the directors of the company who are guilty of the failure liable for the debts of the company contracted within a time limited by the act. We are quite unable to see why this matter is not a legitimate and necessary part of the act providing for the formation of corporations. The act provides the way in which corporations shall be organized; the persons by whom its affairs must be conducted, and their qualifications; prescribes their duties, and imposes penalties for a failure to perform these duties; and why this is not germane to the subject of *552 the formation of corporations we are wholly unable to discover. A very fine distinction is attempted to be drawn between the formation and the regulation of corporations, but the organization of these bodies is subject to certain conditions, and their corporate existence is dependent on the performance of sundry and divers acts. All these matters are really part and parcel of the plan devised by the legislature for the formation of these bodies, are conditions of their existence, and conditions also on which they are permitted to continue their corporate existence, with the rights, powers, and exemptions which the statute confers. Our views in this particular receive substantial support from a very recent case in the circuit court of appeals. (Tabor v. Bank, 10 C. C. A. 429, 62 Fed. Rep. 383.)
On the record as it stands, the district court erred in entering judgment for the defendants upon the demurrer, and it will be reversed and remanded.

Reversed.