[No. 3804.]

### HEILMAN ET AL. v. LUDINGTON ET AL.

1. CORPORATIONS—LIABILITY OF DIRECTORS—CONSTITUTIONAL LAW.
Section 491, Mills' Ann. Stats., providing in substance that every corporation shall annually, within sixty days after the first day of January, make and file with the recorder of deeds a report, and that a failure to do so, unless the capital stock has been fully paid, shall make all the directors or trustees jointly and severally liable for all the debts of the corporation contracted during the year next preceding the time when the report should have been filed, is not in contravention of section 21, article 5 of the constitution providing that no bill shall be passed containing more than one subject which shall be clearly expressed in the title. The title " To provide for the formation of corporations " is broad enough to cover section 491.

2. PLEADING—DEMURRER—MOTION.
An objection to a complaint that two or more causes of action are improperly united in one count cannot be raised by demurrer but must be raised by motion. A demurrer on the ground that two or more causes of action are improperly united in one count will not reach the objection that the complaint contains two or more causes of action that cannot be properly joined in the same suit even if stated separately. To raise that objection the demurrer must state specifically that the complaint contains causes of action that cannot be joined.

### Appeal from the Court of Appeals.

Mr. IRA J. BLOOMFIELD, for appellant.

Mr. JESSE STEPHENSON, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The object of this action, begun in the district court of Rio Grande county, was to recover from the defendants, as directors of a corporation, a statutory penalty incurred by them for a failure to discharge a duty prescribed by section 491, Mills' Ann. Stats. (Gen. Stats. 1883, sec. 252).

The defendants demurred to the complaint upon two grounds : (1) that several causes of action were improperly united in a single count; (2) that the complaint did not state facts sufficient to constitute a cause of action. The district court sustained the demurrer upon the specific ground that the section of the statute, upon which the action was founded, is in contravention of section 21 of article 5 of the constitution.

The plaintiffs took the case to the court of appeals, where the judgment was reversed (see opinion rendered in 9 Colo. App. 548; 49 Pac. Rep. 377), and the defendants have appealed from that judgment to this court.

Our jurisdiction is properly invoked because the determination of a constitutional question is necessary to a decision of the case. Section 491 in substance provides that every corporation organized under the act shall annually, within sixty days from the first of January, make a certain report and file it in the office of the recorder of deeds of the county where the business of the corporation is carried on, and for a failure to do so, unless the capital stock of the corporation has been fully paid in and a certificate made, as provided in another section of the act, all the directors and trustees of the company shall be jointly and severally liable for all the debts that shall be contracted within the year next preceding the time when such report should have been filed. The title of the act in which this section is found is " An act to provide for the formation of corporations."

The defendants insist that this section cannot be upheld because it contravenes section 21 of article 5 of the constitution providing that " no bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title." The point sought to be made is that the title of this act " to provide for the formation of corporations " is not broad enough to include the section that regulates the corporation after it is formed.

We do not consider the objection tenable. The section in question is clearly germane to the subject of the formation

of corporations, and we can add nothing to what is said on this subject in the able opinion of the court of appeals.

The question is resolved in the same way in *Tabor v. Com. Nat. Bank,* decided by the United States circuit court of appeals of the eighth circuit, and the opinion is reported in 62 Fed. Rep. 383. But our attention is called to the case of *Skinner v. Wilhelm,* 63 Mich. 568, as authority for the proposition that the formation and regulation of corporations are two separate and distinct objects. That case, however, does not sustain the present contention. The title of the act there before the court was " An act to provide for the incorporation of merchants' insurance companies, and to regulate the business of insurance by merchants' and manufacturers' mutual insurance companies." The court well said : " The regulation of the business of manufacturing insurance companies having an existence when the act was passed, and some of them organized in other states, has nothing to do with, and has no necessary or natural connection with, the formation of merchants' mutual insurance companies." The title of the act which we are considering is " An act to provide for the formation of corporations," and the section of the act which fixes the liability of directors is one pertaining to the regulation or conduct of the affairs of corporations organized under the act so entitled. The mere statement of the differences between the two acts and their titles shows conclusively the inapplicability of the Michigan decision to the facts of this case.

As the affirmance of the judgment of the court of appeals results in remanding the cause to the district court, it is proper to consider another matter discussed by counsel. In argument it is said by the defendants that in the complaint are combined two distinct and separate causes of action which cannot properly be united in the same complaint. Whether or not that is so, we are precluded from inquiring, because no such objection is found in the demurrer to the complaint. The specific ground of demurrer relied upon below is that several causes of action have been improperly united in a single count. Under our code this is not a ground of demur-

rer, but must be taken advantage of, if at all, by motion. *Brewer v. McCain*, 21 Colo. 382.

It may be true, as claimed by defendants, that the mingling in one count of two or more causes of action that cannot properly be united, even if stated separately, does not deprive the defendant of the right to demur; but the demurrer must be upon the ground that two causes of action which cannot properly be united at all have been stated in the same complaint, and not that two causes of action have been set up in one count. Here the defendants have demurred upon the ground that in one count of the complaint are pleaded two causes of action which, so far as the demurrer itself is concerned, may be of such a character that they could have been united in one complaint, if separately stated. But there was no objection that they could not have been united, even though separately stated.

Having neglected seasonably to avail themselves of the special demurrer that two causes of action which cannot be joined in one action have been so united, they have waived it, and cannot now, upon a review in an appellate court, shift their position and set up as a distinct ground of demurrer one not interposed below.

The judgment of the court of appeals should be affirmed, and it is so ordered.

*Affirmed.*