[No. 5372.]
[No. 3021 C. A.]

MERRILL, AS SECRETARY, ETC., v. SUFFA.

1. Mandamus—Private Rights—Real Parties in Interest—Designation of Parties.

Where mandamus is invoked for the protection of the purely private right of the applicant, the proceeding may be conducted in the names of the real parties in interest, and they may be called plaintiff and defendant—mandamus being, under the code, a civil action.—P. 197.

2. Mandamus—Alternative Writ—Joinder of Causes.

In mandamus, the alternative writ must not include more than one case, whether of the same or many individuals; because

two or more distinct rights, which the petitioner may have growing out of two or more entirely distinct wrongs committed against him, cannot be joined in the same mandamus.—P. 199.

3. Mandamus — Corporations — Stockholders — Enforcement of Right to Inspect Corporate Books—Proper Parties.

In mandamus by a stockholder to enforce his right to inspect the corporate books, it is not necessary to make the corporation a party respondent, but merely its officer upon whom the statutory duty is devolved.—P. 199.

4. Same—Pleading—Joinder of Causes of Action—Inspection of Corporate Books.

The acts of a person who is secretary of several different corporations in denying a stockholder in each the right to inspect the different corporation books, are separate and distinct wrongs committed against such stockholder, and a single petition for mandamus by the stockholder to compel such secretary to permit inspection of the books is bad for improperly uniting several causes of action contrary to Mills' Ann. Code, § 70, providing that in no event shall causes of action be joined unless they affect all the parties in the same character and capacity.— P. 199.

5. Pleading—Improper Joinder of Causes of Action—Remedy.

Where several distinct causes of action, which might be properly joined, have been commingled in one statement, a motion is the proper remedy to compel a separate statement; but where the objection is that the causes of action cannot be joined at all, demurrer is the appropriate remedy when the defect appears on the face of the complaint.—P. 201.

6. Mandamus—Parties—Misjoinder of Parties Respondent.

Since the acts of a person who is secretary of several different corporations in denying to a stockholder in each the right to inspect the different corporation books, are separate and distinct wrongs against such stockholder, a single petition for mandamus by the stockholder to compel the secretary to permit such inspection is bad for misjoinder of parties respondent, there being a misjoinder in suing one individual in several different representative capacities.—P. 201.

*Appeal from the District Court of the City and County of Denver.*

*Hon. F. T. Johnson, Judge.*

Action in mandamus by George A. Suffa against N. C. Merrill, secretary of The Big Five Tunnel, Ore

Reduction and Transportation Company, The Maine Mining Company, The Belman Mining Company, The Edgar Consolidated Gold Mining Company, The Columbia Mines Company, The Dew Drop Mining Company, The Ni Wot Mining Company, and The Timberline Mines Company, to compel respondent to give petitioner access to corporate books. From a judgment awarding a peremptory writ, respondent appeals.          *Reversed and remanded.*

Mr. GEORGE S. REDD, for appellant.

Mr. HORACE G. BENSON and Mr. DE WITT C. WEBBER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action in mandamus. The petition for the writ designates the parties as petitioner and respondent, respectively. Where, as here, the writ is invoked for the protection of the purely private right of the applicant, the proceedings may be conducted in the names of the real parties in interest, and, therefore, with equal propriety they might be called plaintiff and defendant—mandamus being, under our code, regarded as a civil action.—*Stoddard v. Benton,* 6 Colo. 508; *Orman v. People,* 18 Colo. App. 302.

The petitioner, a stockholder in each of eight separate and independent corporations, having; after due demand, been deprived, as he says, of his statutory right to inspect the stock books and other books and papers of these different corporations, by the secretary thereof, who is one and the same individual, the respondent herein filed this petition to compel respondent, as secretary of each company, to give him access to such books and papers with the privilege of making and carrying away extracts therefrom.

To the alternative writ which was issued upon filing the petition, respondent demurred upon a number of distinct grounds, two of which are: (1) A misjoinder of parties respondent; (2) an improper union of several causes of action.

The court overruled the demurrer, and respondent electing to stand thereby, the alternative writ was made peremptory, and from the final judgment awarding the same, respondent appeals.

Without so deciding, we shall assume, for our present purpose, that the alternative writ alleges a proper demand and refusal, and shows that petitioner has, in other respects, brought himself within the statute which enjoins upon the secretary of a corporation, entrusted with its books, records and papers, the duty of allowing an inspection thereof by certain stockholders at a proper time and place. It is manifest, however, that the special demurrer should have been sustained.

The misjoinders complained of are said to consist in the facts that each of the separate corporations is a distinct legal entity, neither one of which, nor its secretary, has any connection whatever with any other corporation or its secretary, nor any interest in this application, so far as concerns any of the other corporations, or its secretary; and that, if petitioner has an action against respondent in his official capacity as secretary of any of these corporations, the action is founded upon a tort entirely distinct from the tort committed by him as secretary of either of the others, and, as secretary of one, he has no interest in any manner affecting him in his capacity of secretary of any of the other corporations; and the tort, if any, which he has committed as secretary of one, was in a representative capacity which is not the same as, but different from, the capacity in which he acts as secretary of the others.

We think this contention of respondent is sound. It is a primary rule in mandamus that the alternative writ must not include more than one case, whether of the same or many individuals; because two or more distinct rights which the petitioner may have, growing out of two or more entirely distinct wrongs committed against him, cannot be joined in the same mandamus.—Tapping on Mandamus, § 324.

In order to enforce the right of inspection here demanded, it is not necessary to make the corporation a party respondent, but merely its officer upon whom the statutory duty is devolved.      Yet even though respondent, at the same time and by the same act, committed a wrong upon the same person (the petitioner) by refusing, as secretary of the eight distinct corporations, the inspection demanded, the same act constituted eight separate and distinct torts. The denial of the right of inspection in each case, in his capacity as secretary, constituted a single wrong by respondent, a violation of a duty imposed by statute, eight wrongs in all, and gave rise to eight separate rights and causes of action in petitioner's favor.    Some torts are in their nature several, not joint, as slander.    As secretary of one of these corporations, respondent could not, in the nature of things, be guilty of a tort which, as secretary of another, he committed against petitioner in refusing access to its books.    The torts are of the same kind, but committed by different persons, or the same individual acting in different capacities.    Doubtless petitioner would be the first to admit this if he were suing for the penalty the statute gives for a wrongful refusal.    In their nature they were several, and not joint, torts, and could not be joined in one action. The respondent is not sued in his individual, but in his official or representative, capacity.

Each of the eight corporations. is a distinct and separate legal entity. True, the same individual (Merrill) who is secretary of one, is the secretary of each of the others; but his representative capacity as secretary of one is a different capacity from that in which he is secretary of the others, and is just as distinct as is that of the corporate entities themselves. So that when he is sued, as here, as secretary of each of eight distinct corporations, he is sued in eight different representative capacities, just as if the action was brought against eight different individual secretaries.

The rule against such joinders has thus been stated by the learned author of the article on Mandamus in 26 Cyc. 447:

"In the absence of statute to the contrary, separate and distinct rights, whether of one person or of several persons, respectively, cannot be joined for the purpose of enforcement in one mandamus proceeding, whether the different duties rest on one person or on several persons, respectively."

Section 70 of our code relates to the joinder of causes of action, but does not permit of such a joinder as was attempted here. That section expressly, *inter alia,* says that, in no event shall causes of action be joined unless they affect all the parties, and affect them in the same character and capacity. A joinder of causes of action, such as is here attempted, is just as improper as would be in one action the union of eight distinct causes of action based upon eight distinct wrongs which, as executor of eight separate and distinct estates, respondent had committed against petitioner. We have been cited to no authorities, and have found none, sustaining such joinder of causes of action, or of parties respondent.

The point made by petitioner that a motion, and not a demurrer, is the remedy for a misjoinder of causes of action, is not good. Where several distinct causes of action, which might be properly joined, have been commingled in one statement, a motion is the proper remedy to compel a separate statement; but where the objection is that the causes of action cannot be joined at all, demurrer is the appropriate remedy when the defect, as here, appears on the face of the complaint.—Civil Code, section 50; *Ludington v. Heilman,* 9 Colo. App. 548; *Ibid.,* 26 Colo. 326.

The joinder of causes of action being unauthorized, it would seem necessarily to follow that there was an improper misjoinder of parties respondent— that is, a misjoinder in suing one individual in several different representative capacities. The following are in point: *Dubois v. Bowles,* 30 Colo. 44; *Faust v. Smith,* 3 Colo. App. 505; *State ex rel. v. Commissioners,* 38 Kan. 317; *Co. Commrs. v. King,* 13 Fla. 451, 470; *Haskins v. Board of Supervisors,* 51 Miss. 406; *Rex v. Mayor,* 11 Mod. 382; 6 Bacon's Abridgment, Title Mandamus, 421; Merrill on Mandamus, §§ 232, 234a; Pomeroy's Rem. & Rem. Rights, §§ 281, 307, 313, 442-451, 502; *A. T. & S. F. R. R. Co. v. Commrs. Sumner Co.,* 51 Kan. 617; *Kennedy v. Stallworth,* 18 Ala. 263; *Mesner v. Jenkins,* 61 Cal. 151; *Mertens v. Loewenberg,* 69 Mo. 208; *Viall v. Mott,* 37 Barb. 208; *Nat. Bank v. Valenta,* 33 Tex. Civ. App. 108.

The judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.