Mr. Chief Justice Shaeicev
delivered the opinion of the court.
The proceedings in this case originated by scire facias, against Gridley as special bail for one Washington R. Griffin. A capias ad respondendum, had been sued out by the plaintiff against Griffin, on which was an endorsement requiring bail. The process was placed in the hands of Gridley as sheriff of Adams county, and he executed it by service; but did not take bail, *212 returning or endorsing on the writ that the defendant was “ released -as to bail by the plaintiff;” and this return, or the fact stated in it, is set up as the main ground of defence to the scire facias. The defendant has pleaded it as an excuse, and issue is taked on the plea; but an exception was taken on the trial to the admission of the return itself as competent evidence in support • of the plea.
By the' 28th section of the circuit court law, the sheriff or other officer, receiving process on which bail is required, is bound to take a bail bond, with sufficient security, which he is required to return with the process. The law provides, that “ in case the sheriff or other officer neglect to take' such, bond, or the bail returned be held insufficient, on exception taken and entered of record during the term to which such writ shall be made returnable, the sheriff or other officer, having reasonable notice of taking such exception, shall in either case be deemed and stand as special bail.” In the case before us the record shows that the exception was duly taken, notice given, and an order of the court made, substituting Gridley as special bail. It is objected by the counsel for the defendant that this order of the court was irregular, as the court had no power to make such an order, and that it was therefore a nullity. It will be as well, while noticing the provisions of the statnte, to notice the force of this objection. The summary mode provided, is substituted for the more troublesome and tedious one, of an action against the sheriff, and was evidently intended to ensure a prompt and faithful discharge of official duty, or in case of failure, to impose an adequate responsibility. The section referred to might be deemed incomplete, or productive of protracted litigation, if it stood alone, unexplained or unaided; but this is not the case. There are two acts of omission of negligence intended to be provided against, on the happening of either of which the sheriff is declared to be individually liable, but the law has not left it to the discretion of parties alone to bring about this responsibility and charge the sheriff by merely entering their exceptions on the record; it has provided a mode by which the propriety or truth of the objections may be speedily determined. The 28th section of the same act therefore declares that, “objections to the sufficiency of bail shall be *213 decided by the court, without delay on such evidence as it may ■deem satisfactory.” In case the bail returned be insufficient, the decision of the court on that point is clearly necessary before the sheriff can be fixed as special bail, and I can see no good reason why a similar adjudication should not take place when no bail has been returned. In both cases the exception is to be entered of record at the return term and it is evidently improper, that the sheriff should become liable by the operation of law, on such an entry without the intervention of the court. The object •in placing the exception on the minutes is to bring the matter before the court, and the notice required is to give the sheriff an •opportunity for exemption. Although the language used, in the last section referred to, may appear, in strictness, to confine the inquiry to be made by the court, to be pecuniary sufficiency of the bail; yet I think the reason and object of the law claim for it a broader interpretation; and consequently, that the proceeding in this respect was regular. Whether the defendant was bound to have tendered his excuse for the failure at the time of hearing the motion, or whether he can avail himself of it on the return of the scire facias is not now a question; the issue taken to the plea relieves us from such an inquiry.
The evidence admitted by the court in support of the plea, to wit, the return of the sheriff on the process, is the point on < which the case depends. The returns of sheriffs made in the discharge of duty required by law, derive force from their being the official acts of an officer appointed to perform certain duties, who acts under oath and suitable penalties, and the law attaches a presumption favorable to their correctness. As between third persons, they are admissible as evidence, and in some cases in favor of the officer where he is a party. For instance, on a motion, to return a writ which had already been returned, the return itself might properly be introduced as evidence of the fact. So a return on a fieri facias of “ levied” may be properly admitted, as it was in the case cited from 7 Cowen, to prove a special property in the sheriff in an action for the recovery of the property. The reason for it is obvious. When the officer returns he has made a levy, he becomes liable on that return, and cannot contradict it, and being conclusive evidence against him, it is but *214 right, that he should also have the privilege of introducing it for a purpose connected with, and growing out of the return, as it could not be presumed that he would make a false return to charge himself. I do not think the rule could be carried further than to admit the return as evidence for the officer, when by it, he had become liable to an extent commensurate with the purpose for which he desired to use it. In the authorities uited from 7 Cowen, it was only held to be prima facie evidence to establish a levy made, and then the return was general in the proper discharge of duty. The return made by Gridley was not such a one as would make him liable; but it-was special, admitting that part of the duty had not been performed, and set up as an excuse for the non-performance of the command in the writ. Returns made in strict obedience to law, are less objectionable as matters of evidence, than such as comprise statements which the officer is not in strictness required to return. The law is strict in its requirements on the sheriff, and it is uselessly so, if he is permitted to make evidence which will justify him in evading its commands. It would be useless to impose a duty and allow the officer to introduce his official certificate as evidence, by which to show that he was justified in omitting to perform it. From necessity and as a matter of convenience great credit is attached to the official acts of sheriffs, but they are not clothed with such solemnity as to make them competent evidence, in all cases, of the truth of the statement they contain. It was so ruled in the case cited from 2 Bibb’s Reports, 562, and I think correctly. I have not been able to procure the other authorities cited, but on principle, I think the point is clear, that the return was improperly admitted.
The judgment must be reversed and cause remanded.