## W. S. HASKINS et. al. VS. THE BOARD OF SUPERVISORS OF SCOTT COUNTY.

1. MANDAMUS: *To compel the court to make certain orders.*

    A *mandamus* must not include more than one case, whether of the same or of many individuals. Two or more distinct rights cannot be joined; if so, the suit will be dismissed. If the suit be for a private right, the relator must state his personal interest, the facts which are the grounds of his claim, and the damages which he has sustained or may sustain by the nonperformance of the duty by the respondent.

2. SAME: *Practice: Pleadings.*

    The petition is the inducement and the predicate upon which the judge grants the writ. There is no opportunity to the defendant to test the right to the writ on the face of the petition. But the alternate writ, being of the nature of pleading, must make every allegation of the relator's title to the redress which he seeks. If defecttve, even after return, the respondent may move to quash it. The relator is not bound by the return or answer of the defendant, and if false, driven to his action for a false return, as at common law. But he may meet the return by traverse, demurrer, or other appropriate pleadings.

ERROR to the Circuit Court of *Scott* County.

Hon. ROBERT LEACHMAN, Judge.

The petition for *mandamus* by Holmes and others against the
Board of Supervisors of Scott county alleges, that in 1873, W. S.
Haskins and others applied to the board to change road (No. 35)
near Forest; that he complied with the law.   Commissioners were
appointed to examine and report as to the change of the road.
They reported in August, 1873, and their report was confirmed,
and the change was made.   At the same time, one Austin Madi-
son claimed damages for his property taken for the new road; a
jury was impaneled to assess the damages.   At the jury term,
1874, the board made an order to the effect that all the former
orders and acts of the board relative to the change of the road,
should be rescinded.   The petition for the change of the road was
dismissed, and the award of the jury set aside.   The petitioners
appealed to the circiut court.   The circuit court ordered that the
rescinding order of the board be set aside and annulled, and that
the board should proceed according to law in the matter of per-
fecting the change in the road.   At the July term, 1874, the
board made another order, rescinding all orders formerly made,
changing the road No. 35, and declaring the old road to be the
public highway.   William Haskins and eleven others filed their
petition for *mandamus* to compel the board : 1. To establish a
change in the public highway.   2. To approve the report of the
commissioners appointed to lay out the road.   3. To order the
issuance of a warrant on the county treasurer for damages awarded
to Austin Madison.   The alternative writ issued, and the respond-
ents demurred to the petition, and the court sustained the demur-
rer and dismissed the petition, and the case comes to this court
upon a writ of error.

The following errors are assigned:

" The court below erred in sustaining the demurrer of the re-
spondent, and in dismissing the petition for the *mandamus*."

*Frank Johnston*, for plaintiffs in error :

The board, having acted finally in the matter, had no power to
rescind their action at a subsequent term of the court.   The first
order was conclusive until reversed by the appellate court.   Yala-

busha County v. Carbry, 3 S. & M., 547 ; Ross v. Lane, id., 713 ;
Carroll v. Board of Police, 28 Miss., 48, 49 ; Beaman v. Board of
Police, 42 id., 245 ; Arthur v. Speed, 49 id., 406. *Mandamus* is
the proper remedy. Board of Police v. Grant, 9 S. & M., 77 ;
Carroll v. Board of Police, 6 Cushm., 38 ; Beaman v. Leake
County, 42 Miss., 238. As to the duty of the board in changing
roads, see Code 1871, §§ 2336, 2338. The question of damages
to property owners is contemplated after the change is made.
Code 1871, § 2339.

W. L. Lowry, on the same side.

G. E. Harris, Attorney General, for the defendants in error :

The *mandamus* demands the performance of several duties :
1. To reinstate proceedings. 2. To confirm report of commis-
sioners. 3. To authorize payment for damages. These several
grounds cannot be joined. Rex v. Mayor, 11 Mod., 382 ; Rex v.
Physicians, Burr., 2742 ; Tappan on Mand., 369 ; Code 1871,
§ 1519. The remedy was by appeal. 49 Miss., 404. *Mandamus*
will not direct the court in the exercise of any discretionary
power. Press Association v. Nichols, 45 Vt., 7 ; Pfeiffer v. Tay-
lor, Judge, 19 Wis., 566 ; 1 Peters, 573 ; 49 Penn., 530 ; Goheen
v. Myers, 18 B. Mon., 423 ; Wheaton v. Weston, J., 28 Cal., 639 ;
Bank of Columbia v. Sweeney, 1 Peters, 569 ; Day v. Justices,
3 B. Mon., 198. And as conclusive on this point, our own Code
of 1871, § 1521, provides : "Where a discretion is left to an in-
ferior tribunal, the writ of *mandamus* can only compel it to act.
It cannot control the discretion of the inferior tribunal."

SIMRALL, J. delivered the opinion of the court.

The relator sought by *mandamus* to compel the board of super-
visors of Scott county to establish a certain change in one of the
public roads of the county ; to approve the report of the com-
missioners appointed to lay out the road, and order the issuance
of a warrant on the county treasurer for $87.00, in favor of Austin
Madison, the amount awarded by the inquisition, of damages for
putting the road upon his land. The relators are William Has-

kins and eleven others, freeholders of the county of Scott (their names are not given). The alternate writ is not in the transcript (there is, however, a pencil memorandum, most probably made by the clerk, that the writ has been lost).

The respondent demurred to the petition, which was sustained, and the petition was dismissed. This was not the proper and orderly mode of raising the question of law, whether the relators had shown a right to the redress which they sought (as we shall presently see). But since counsel in this court have, in their briefs and arguments, treated the subjects on their merits, without alluding to the form of the pleading, we will consider the points made in the demurrer, treating the petition as the pleading, disclosing the relators' case.

The report of the commissioners to lay out the road was returned and filed, but was not approved and confirmed by the board; the prayer is, that the board be compelled to approve the report. But there resides in the board a discretion to approve or not. There may be good and sufficient reasons why the report should be rejected. The matter is one of judgment and discretion, and the prayer is, that it be exercised in a particular way. In such circumstances, *mandamus* will not lie (§ 1521, Code of 1871), which is declaratory of the common law. Another prayer is, that the board be compelled to order the issuance of a warrant in favor of Austin Madison for the amount of damages, etc., awarded to him.

The primary rule is, that a *mandamus* must not include more than one case, whether of the same or many individuals. Two or more distinct rights cannot be joined. If two or more distinct claims are united, the suit will be dismissed. Rex *v.* Mayor, etc., 11 Mod., 382 ; Rex *v.* Physicians, Burr., 2742 ; Tappan on Mand., 369. What interest have Haskins and the nine freeholders who join with him in the damages awarded to Austin Madison for locating the road on his lands? It is not disclosed or pretended that they, or any of them, have title or claim to the land subjected to the servitude; nor that they have interest in the money

by assignment. As to this matter, they are strangers; and as volunteers, without the knowledge or consent of Madison, make their appeal to the court in his behalf, and to vindicate his right.

If the suit be for a private right, the relator must state his personal interest, the facts of which are the grounds of his claim, and the damages which he has or may sustain by the nonperformance of the duty by the respondent. § 1519, Code of 1871. The relators have set forth neither a joint or individual right to this sum of money, nor how, individually or collectively, injury would result from its nonpayment. Haskins and his associates may have such community of interest in the laying out of the road as that they could join in a suit in respect of that, but not in the other subject matter.

In this suit, the relators must have a right common to all of them; must have a joint benefit in the performance of the act or duty required of the respondent, and must be joint sufferers, because of the nondoing; otherwise they cannot unite in the suit. But in this case, part of the relief sought is touching a matter in which none of the relators had an interest. The circuit court, therefore, did right in sustaining the demurrer; counsel on both sides coinciding that the merits of the controversy are contained in the petition.

This record suggests that there prevails, to some extent, a misapprehension of the practice as regulated by the statute. In order that there may be uniformity, we will state briefly the modification in the mode of procedure at common law, introduced by the statute. In the English practice, the applicant made a motion in open court, grounded upon affidavits, documents, etc., for a rule upon the defendant to show cause why a *mandamus* should not issue. Tappan on Mand., 344. When served on the respondent, the rule will be made absolute if no cause be shown against, and the alternative writ issues, which, like the declaration must contain all the allegations of such facts as show the relator is entitled to the relief he prays.

The return of the respondent must show performance, or set

forth the excuse or avoidance, or the respondent may take objections to the writ for matter of substance or form, and it may be superseded or quashed.   The defendant may appear in answer to the rule, and show cause, or he may respond in his return to the alternative writ.   Under the statute, the proceeding is as follows: The judge of the circuit court, in term time or vacation, may order the issuance of the writ of *mandamus*.   It is granted upon a petition, which must state the facts which constitute the cause thereof; if preferred by a private person, it must set out that he is personally interested.   Code of 1871, §§ 533, 1517, 1519.

The petition is an *ex parte* application, addressed to the judge in term time or vacation, setting forth the nature and grounds of the relator's right, the act or duty which the defendant ought to do.   If it makes only a *prima facie* case, the judge orders the writ to be issued, without making a rule *nisi*, and giving notice to defendant to show cause, etc.

The petition is the foundation of the application, and serves in the place of the motion, affidavit and supporting papers, and the rule *nisi* in the English practice, as these composed the material out of which the alternate writ was composed.   So the petition in our practice answers the same purpose.   If the alternative writ does not conform to the affidavits and accompanying papers, and the rule *nisi* under the English practice, and to the petition under ours, it is liable to be superseded or quashed.

The petition constitutes the suggestions which are carried forward into the alternative writ, and must be stated fully, and with reasonable certainty.   This writ is served upon the defendant, and gives notice of the grounds of plaintiff's demand, and of the act or duty which is required of him.   It must, therefore, be so complete in itself, as to show the right which the relator asserts, and the duty incumbent on the defendant, which he ought to perform.   It is not merely *mesne* process, in the nature of a summons to appear and answer a claim set forth in a complaint or declaration, but the alternative writ becomes of the nature of a pleading and fulfills the office of a declaration, and if it be in-

sufficient in substance, or defective, the respondent may move to quash or demur. State Board of Education *v.* Mayor, etc., of West Point (decided this term).

The petition is the inducement and predicate, upon which the judge grants or refuses the writ.

There is no discussion or opportunity to the defendant to contest the right to the writ on the face of the petition. But the alternative writ, being of the nature of pleading, must make every allegation of the relator's title to the redress which he seeks.

If defective in substance, even after a return, the respondent may move to quash. Rex *v.* Margate Pier Co., 3 Barn. & Ald., 221. Section 1520 of the code directs that the pleadings and other proceedings shall be the same as in an ordinary action for the recovery of damages. The respondent may move to quash, or demur to the writ, or meet it by answer.

The relator is not bound by the return or answer of the defendant, and if false, driven to his action for a false return, as at law, but he may meet the return by traverse, demurrer, or other appropriate pleading. Commercial Bank of Albany *v.* Canal Commissioners, 10 Wend., 33.

For the reasons herein before given, the judgment is affirmed.