HENRY, INS. COM'R, *v.* DONOVAN *et al.**

(Division A.　Nov. 7, 1927.)

[114 So. 482.　No. 26446.]

1. EQUITY. *That solution of causes joined depends on same question of law and similar questions of fact does not warrant suit in equity to prevent multiplicity of suits.*

That all causes of action joined depend, for their solution, on same question of law and similar questions of fact does not warrant resort to equity in order to prevent multiplicity of suits.

2. INJUNCTION. *Bill to enjoin insurance commissioner against returning taxes collected for benefit of fireman's pension fund did not show remedy at law was inadequate (Laws 1924, chapter 189).*

Bill by cities and others to enjoin insurance commissioner against returning to insurance companies taxes collected, under Laws 1924, chapter 189, imposing tax on business done by insurance companies to be used for fireman's disability and pension funds, and for recovery of money alleged to have been collected or for personal decree against him, *held* not to show that remedy at law was inadequate, since remedy by mandamus or by suit on defendant's bond was adequate, in absence of special circumstances which were not alleged to exist.

3. DISCOVERY. *Bill to adjudicate amount held by insurance commissioner payable to complainant cities for their fireman's funds did not disclose ground for discovery (Laws 1924, chapter 189).*

Bill praying that court ascertain and adjudicate proper amount of taxes held by insurance commissioner, payable to complainant cities for appropriation to their fireman's disability and pension funds, under Laws 1924, chapter 189, and for recovery of amount due, *held* not to disclose ground for discovery where it contained no allegation requiring answer disclosing amount of taxes collected, and showed no diligent attempt to secure

information by other means, and contained no allegation that defendant refused to give information.

4. ACCOUNT. *Jurisdiction of equity over matters of account rests upon need of discovery, complicated character of accounts, and existence of fiduciary relation.*

Jurisdiction of court of equity over matters of account rests upon need of discovery, complicated character of accounts, and existence of fiduciary or trust relation.

5. ACCOUNT. *Bill to adjudicate amount insurance commissioner held for complainant cities' pension funds did not show that accounting was necessary (Laws 1924, chapter 189).*

Bill praying that court ascertain and adjudicate proper amount of taxes held by insurance commissioner, payable to complainant cities for fireman's disability and pension funds, under Laws 1924, chapter 189, *held* not to show that an accounting was necessary to determine amount due so as to invest equity with jurisdiction.

6. APPEAL AND ERROR. *Constitutional provision relating to reversing decree for jurisdictional error does not apply where circuit court has no power to permit complainants to join (Constitution 1890, section 147).*

Constitution 1890, section 147, relating to reversing decree because of mistake of court below in assuming jurisdiction of cause, does not apply where circuit court has no power to permit complainants to join as plaintiffs in one action against defendant.

7. MANDAMUS. *Several cities could not have joined in petition for writ of mandamus to compel insurance commissioner to pay fireman's pension funds (Laws 1924, chapter 189).*

Several cities, entitled to taxes collected by insurance commissioner on business done by insurance companies, under Laws 1924, chapter 189, for appropriation to their fireman's disability and pension funds, could not have joined in one petition for writ of mandamus against insurance commissioner to compel him to pay same.

8. ACTION. *Several cities could not have joined in action for personal judgment against insurance commissioner for amounts due them for fireman's pension funds (Laws 1924, chapter 189).*

Several cities, entitled to taxes collected by insurance commissioner on business done by insurance companies in such municipalities, under Laws 1924, chapter 189, for appropriation to their fireman's

disability and pension funds, could not have joined in one ac-
tion at law for personal judgment against insurance commis-
sioner.

*Corpus Juris-Cyc. References: Accounts and Accounting, 1CJ, p. 613,
n. 62; p. 623, n. 59; Actions, 1CJ, p. 1094, n. 65; Appeal and Error, 4CJ,
p. 1169, n. 30; Discovery, 18CJ, p. 1069, n. 68, 75; Equity, 21CJ, p. 79,
n. 62; p. 81, n. 65; Injunctions, 32CJ, p. 328, n. 24; Mandamus, 38CJ,
p. 847, n. 71; p. 848, n. 72. On power of equity to take jurisdiction
because of multiplicity of actions at law arising out of same facts,
see 10 R. C. L. 284.

APPEAL from chancery court of Hinds county, First
district.

HON. V. J. STRICKER, Chancellor.

Suit by E. V. Donovan and others against T. M. Hen-
ry, Insurance Commissioner. From a decree overruling
a demurrer to the bill of complaint, defendant appeals.
Reversed, and bill dismissed.

REPORTER'S NOTE: Briefs by counsel on both sides
deal learnedly and exhaustively with the merits, i. e.,
the constitutionality of the act in question. Since the
opinion of the court is limited to the question of juris-
diction, we have confined our report of the briefs to that
issue.

*J. L. Byrd*, Assistant Attorney-General, *R. L. McLaur-
in* and *Watkins, Watkins & Eager, amicus curiae*, for ap-
pellant.

I. MANDAMUS, THE EXCLUSIVE REMEDY. Section 2533
et seq., Hemingway's Code. Mandamus has been held
the proper remedy to require a public officer to pay a
valid claim, which has been properly allowed or audited.
*Beard v. Lee County*, 51 Miss. 542; *Jefferson County v.
Arrighi*, 51 Miss. 667; *Cline v. Smith County*, 54 Miss.
254; *Kelly v. Wimberly*, 61 Miss. 548; *Honea v. Monroe
County*, 63 Miss. 171; *Taylor v. Chickasaw County*, 70
Miss. 87; *Chatters v. Coahoma County*, 73 Miss. 351;

*Jonestown* v. *Ganning,* 97 Miss. 67; *Hebron Bank* v. *Lawrence County,* 109 Miss. 397.

The scope of the remedy by mandamus is all-compre-hensive. See *Williams* v. *Ramsey,* 52 Miss. 851; *Monroe County* v. *State,* 63 Miss. 135.; *State* v. *Simmons,* 70 Miss. 485; *Adams* v. *Clarksdale,* 95 Miss. 88.; *City of Jackson* v. *State,* 102 Miss. 663; *Brown* v. *Owens,* 75 Miss. 369; *Bourgeois* v. *Fairly,* 81 Miss. 708; *McHenry* v. *State,* 91 Miss. 562; *State* v. *Benson,* 108 Miss. 779.; *State ex rel.* v. *Morgan,* 141 Miss. 585; *Toombs, Prosecuting Attorney,* v. *Sharkey,* 140 Miss. 676; *Hiawatha Gin Co.* v. *Mississippi Farm Bureau Association,* 138 Miss. 685; *Oldham* v. *Drainage Commissioners,* 133 Miss. 505.

Injunctive relief never allowed where adequate remedy at law is provided. *Anderson, Tax Collector* v. *Ingersoll,* 62 Miss. 73; *Sunflower Compress Co.* v. *Staple Cotton Association,* 103 So. 802, 139 Miss. 200; *Craft* v. *Homo-Chitto Lumber Company,* 106 So. 440, 141 Miss. 156; *Board of Supervisors of Wilkinson County* v. *Ash,* 107 So. 763, 142 Miss. 686; *McKee* v. *Hogan,* 110 So. 775, 145 Miss. 747, 767.

No irreparable injury shown. 14 R. C. L. 332, 345, 346; *Peyton* v. *Vardaman,* 103 Miss. 164, 60 So. 129; 32 C. J. 66; *Moss* v. *Jordon,* 92 So. 689, 129 Miss. 598; 14 R. C. L. 346, 347.

Public officer will not be controlled in the performance of official duties by injunction. *Pryor Motor Co.* v. *Hartfield* (Ala.), 93 So. 524; 32 C. J. 241, 245.

Suit against the insurance commissioner is one against the state, which cannot be maintained except by its consent. 32 C. J. 246, n. 16; *State* v. *Wisconsin Tel. Co.,* 169 Wis. 198, 203, 172 N. W. 225; 25 R. C. L. 413; 36 C. J. 915; *Lehman* v. *State,* 54 Miss. 562; *Hill* v. *State,* 79 Miss. 38, 39 So. 994; *State* v. *Dinkins,* 77 Miss. 824, 27 So. 832; *Brown* v. *Ford,* 122 Miss. 678, 73 So. 772; *Mississippi Live Stock Board* v. *Williams,* 133 Miss. 98, 97 So. 523; *Ayers* v. *Board Trustees Leake County,* 98

So. 841, 847, 134 Miss. 362.; *Lonstreet* v. *County* (Mich.), 200 N. W. 248.; *Smith* v. *Doe*, 111 N. Y. Sup. 525.; *Switzer* v. *Commissioners*, 119 N. Y. Sup. 383; *Alabama Girls School* v. *Adler* (Ala.), 42 So. 116, 113 A. S. R. 58; *Title Guaranty Co.* v. *Gurency*, 205 Fed. 94; *Bow* v. *Plummer* (N. H.), 104 Atl. 35.; *McShane* v. *Murray* (Neb.), 184 N. W. 187; *Morrow* v. *Industrial School* (S. C.), 113 S. E. 70.

II. THE COMPLAINANTS AND APPELLEES ARE WITHOUT INTEREST IN THIS CONTROVERSY AND THEREFORE HAVE NO RIGHT TO MAINTAIN THIS SUIT IN ANY COURT. *Patty* v. *Williams*, 71 Miss. 837; *Conner* v. *Gray*, 41 So. 186; 88 Miss. 489.

III. THE COMPLAINANTS AND APPELLEES DO NOT ALLEGE IN THEIR ORIGINAL BILL OF COMPLAINT SPECIFIC REQUIREMENTS ON THE PART OF THE MUNICIPALITY OF JURISDICTIONAL FACTS. Every presumption is against the pleader, and it will be assumed that the pleader has stated the case as strong as the facts may justify. *Powell* v. *Stowers*, 47 Miss. 577; *Beckman* v. *R. R. Co.*, 12 So. 596; *Romansky* v. *Thompson*, 11 So. 828; *Cleary* v. *Lowery*, 51 Miss. 879; *McSerin* v. *R. R. Co.*, 72 Miss. 1013, 18 So. 420; *Nestor* v. *Davis*, 100 Miss. 199, 56 So. 626; *I. C. R. R. Co.* v. *Middleton*, 109 Miss. 199, 68 So. 146; *R. R. Co.* v. *Craig*, 118 Miss. 299, 79 So. 102.

By demurrer the appellants did not admit conclusions of law but only admitted facts properly pleaded. *State* v. *Nichols*, 106 Miss. 419, 63 So. 1025; *U. S. et al.* v. *Bank*, 103 Miss. 91, 60 So. 47; *Polk* v. *Hattiesburg*, 109 Miss. 874, 69 So. 675; *Batesville R. R. Co.* v. *Mims*, 111 Miss. 574; *Lumber Co.* v. *Morton*, 111 Miss. 720, 72 So. 140.

The various municipalities in complying with the provisions of chapter 189, Acts of 1924, would be exercising inferior special statutory jurisdiction, and it is necessary that every fact necessary to give the inferior tribunal jurisdiction be stated. *Burns* v. *Smith County*,

102 Miss. 390, 59 So. 796; *Rude* v. *McFerrin*, 37 Miss. 71; *McCreary* v. *Rhodes*, 63 Miss. 308; *McGee* v. *Beall*, 63 Miss. 455; *Board of Levee Commissioners* v. *Allen*, 60 Miss. 935; *Craft* v. *DeSoto County*, 79 Miss. 618; *State of Mississippi* v. *Morgan*, 79 Miss. 659; *Lake* v. *Perry*, 95 Miss. 550, 49 So. 659.

Chapter 189, Mississippi Laws of 1924, imposes an additional and new obligation to tax, and before this imposition may be justified full and complete compliance with the law must be clearly and specifically averred. *Smythe* v. *Whitehead*, 133 Miss. 184, 97 So. 529; *Langstaff* v. *Town of Durant*, 84 So. 459, 122 Miss. 471; *Moore* v. *Somerville*, 80 Miss. 323; *Ponder* v. *Martin*, 119 Miss. 156, 31 Cyc. 57; *Gilchrist* v. *Shackleford*, 72 Ala. 7; *Groh* v. *Metropolitan Collecting Agency*, 30 Misc. (N. Y.) 314, 63 N. Y. Sup. 513; 28 Cyc. 394; *Board of Supervisors of Lowndes County* v. *Ottley*, 112 So. 466, 146 Miss. 118; *District of Columbia* v. *Petty*, 37 App. (D. C.) 156, 229 U. S. 593, 51 L. Ed. 1343; *Choctaw R. R. Co.* v. *Hamilton*, 182 Fed. 117; *People* v. *Tate* (Ill.), 103 N. E. 750; *Helling* v. *Boss*, 121 N. Y. Supp. 1013.

*Van B. Boddie, D. E. Sullivan, Chas. B. Cameron* and *F. H.* and *J. H. Lotterhos,* for appellees.

I. THE CHANCERY COURT HAS JURISDICTION. In the light of section 147 of the Constitution, we have no apprehensions that this cause would be reversed on the ground of want of jurisdiction of the chancery court to render the decree appealed from. *Metzger* v. *Joseph*, 111 Miss. 385, 71 So. 645; *White* v. *Willis*, 111 Miss. 417; 71 So. 737; *Yazoo Delta Mortgage Co.* v. *Hutson*, 140 Miss. 461, 106 So. 5; *Engleburg* v. *Tonkel*, 140 Miss. 513; 106 So. 447; See, also, *Federal Compress & Warehouse Co.* v. *Coleman*, 143 Miss. 620, 109 So. 20.

This principle is very aptly stated by Dean Lile of the University of Virginia Law Faculty in his Notes on Equity Jurisprudence at page 10, where it is said: "It is settled that where equity has once taken jurisdiction

because of the lack of legal remedy, it will continue to exercise the jurisdiction even though subsequently courts of law have assumed a similar jurisdiction, as the result of statute, or otherwise.'' The test of the right to equitable interposition is not merely that there is a remedy at law, but that remedy must be adequate, as practical and efficient to the ends of justice as the remedy in equity. *Irwin* v. *Lewis,* 50 Miss. 363; 32 C. J. 60, 66.

A mandamus must not include more than one case whether of the same or many individuals; two or more distinct rights cannot be joined. *Haskins* v. *Supervisors,* 51 Miss. 406; *Ohlsan* v. *Durfrey,* 82 Miss. 213, 33 So. 973.

Equity has jurisdiction of a suit at the instance of several claimants whose rights grow out of a single situation, though the cause of action of each if asserted alone would properly be at law, so as to prevent a multiplicity of suits. *Bloomer* v. *Ulmer,* 44 So. 161; *Hightower & Crawford* v. *Mobile, etc., R. Co.,* 83 Miss. 708, 36 S. 82; 14 R. C. L. 351.

On pages 5 to 7 of the appellant's brief, some twenty-two cases are cited under the argument that mandamus should have been brought here. An analysis of these cases shows that they are not on the point presented in this case, and do not present the question of the propriety of mandamus or bill in equity, as here presented. Practically, they are a collection of Mississippi cases in which mandamus was held to be an appropriate remedy to enforce various rights, which in most of the cases cited were enforced on the merits. There are many Mississippi cases which could be cited in instances where mandamus was not held proper to grant the relief sought, which are not cited for the same reason of not being on the point in this case, that is to say, as between mandamus or bill in equity in circumstances like these.

II. Injunctive Relief Should be Granted. Before developing this proposition, it might be well to observe

that even though injunctive relief should not be granted,
the chancery court should retain the jurisdiction and
proceed to a final decree for the reason that if the Act
be constitutional it would be the duty and power of the
chancery court to ascertain the amount of money which
has been collected by the appellant, and by such account-
ing as may be necessary to determine the amount that
should have been paid into each of the city treasuries,
and render decrees *in personam* accordingly, even though
the commissioner may have returned the money to the
insurance companies because injunctive relief is denied.
*Board of Supervisors of Wilkinson County* v. *Ash,* 142
Miss. 686, 107 So. 763, cited by appellant as directly on
the point, was one in which the board of supervisors
denied a petition, and the petitioners instead of appeal-
ing directly to the circuit court as provided by law ob-
tained a mandatory injunction requiring the levying
of the tax petitioned for. Of course, the statutory pro-
visions for appeal should not have been ignored and
the chancery court asked for injunctive relief instead.
This would seem to be a very different state of case
from the instant case.

*McKee* v. *Hogan,* 110 So. 775, cited by appellant was a
case where an injunction was denied because a suit was
already pending between the proper authorities to test
the legality of a proposed expenditure of public funds
already in the treasury, in a court of competent juris-
diction, and this court said that equity should not inter-
fere, but should leave the citizens to intervene in such
suit or appear as *amicus curiae* therein. The court, in
this very McKee case, makes it plain that one may
proceed for injunction against a public officer, where it
is said:

"It is settled law in this state that a person has a
right to maintain an action to restrain the infliction of
an injury to his property, person or reputation, regard-
less of whether that injury is done by public officers
claiming to act under lawful authority."

The following cases cited by appellant are not applicable to the question here under consideration. *Anderson, Tax Collector, v. Ingersoll,* 62 Miss. 73; *Sunflower Compress Co. v. Staple Cotton Association,* 139 Miss. 200, 103 So. 802; *Craft v. Homo-Chitto Lumber Co.,* 141 Miss. 156; 106 So. 444.

III. IRREPARABLE INJURY IS SUFFICIENTLY CHARGED. 32 C. J. 331. *Peyton* v. *Vardaman,* 103 Miss. 164, 60 So. 129, cited by the appellant, decided that injunction should not be given against the taking of a deposition in another suit, where the defense could be made by a demurrer in the pending suit. *Moss* v. *Jordan,* 129 Miss. 598, 92 So. 689, cited by the appellant, in its description of irreparable injury brings the state of case shown by the bill of complaint herein most perfectly within its terms. The court here speaks of the destruction of property. Here is presented the destruction of an entire statutory system in which complainants have fixed property and monetary interests.

IV. PUBLIC OFFICERS MAY BE CONTROLLED BY INJUNCTION. The appellant cites an Alabama case, *Pryor Motor Co.* v. *Hartfield,* 93 So. 524. It may be noted that in the Pryor Motor Co. case the court said that if the property should be disposed of contrary to law the complainant would have a full, complete, and adequate remedy at law for the recovery of damages.

In a later Alabama case, *Goodwin* v. *Board,* 212 Ala. 453, 102 So. 718, the court said: "Equity will not intervene where public officers are acting within the authority conferred on them by law, to determine whether their action is good or bad." See, also, *Dennis* v. *Prather,* 212 Ala. 449, 103 So. 59, where it was held that equity may enjoin notwithstanding legislation apparently restricting equity jurisdiction. There are many authorities for injunctive relief where the officer was acting contrary to law. 32 C. J. 240-1. *McKee* v. *Hogan, supra; North Carrollton* v. *Carrollton,* 113 Miss.

1, 73 So. 812; *Hobbs* v. *Germany,* 94 Miss. 469, 49 So. 515; *Peets* v. *Martin,* 135 Miss. 720, 101 So. 78.

V. This is Not a Suit Against the State Which Cannot be Maintained. Although a state itself cannot be enjoined, yet when state officials are acting in an un-constitutional or otherwise illegal manner they may be enjoined, 22 Cyc. 881. *Mutual Life Ins. Co.* v. *Boyle,* 82 Fed. 705; 32 C. J. 247-8.

Instances of injunctions against state officers are found in: *A. & V. R. R. Co.* v. *Mississippi Railroad Commission,* 86 Miss. 667, 38 So. 356; *Mississippi Railroad Commission* v. *M. & O. R. R. Co.,* 115 Miss. 101, 75 So. 778; *Mississippi Railroad Commission* v. *M. & O. R. R. Co.,* 117 Miss. 257, 78 So. 153; *Mississippi Railroad Commission* v. *I. C. R. R. Co.,* 203 U. S. 335, 51 L. Ed. 209; 25 R. C. L. 413, *et seq.*

The following cases cited by appellant are not in point. *Lehman (Raymond)* v. *State,* 54 Miss. 562; *Hill (Hall)* v. *State,* 79 Miss. 38, 29 So. 994; *State* v. *Dinkins,* 77 Miss. 824, 27 So. 832; *Brown* v. *Ford,* 122 Miss. 678, 73 So. 772; *Mississippi Livestock Board* v. *Williams,* 133 Miss. 98, 97 So. 523; *Ayers* v. *Board of Trustees,* 134 Miss. 362, 98 So. 841.

VI. The Complainants Have an Interest in the Controversy. *Patty* v. *Williams,* 71 Miss. 837, 15 So. 43; and *Conner* v. *Gray,* 88 Miss. 489, 41 So. 186, cited by the appellant are not in point.

VII. The Bill of Complaint Sufficiently Alleges the Adoption by the Municipalities of the Disability and Pension Plan. Griffith's Mississippi Chancery Practice, sec. 170; *Schwartz* v. *Lieber,* 79 Miss. 250, 30 So. 649; 21 C. J., 392, 393; *U. S.* v. *United, etc., Co.,* 234 Fed. 137; Story's Equity Pleadings, pp. 292-3, secs. 252-3; *St. Louis* v. *The Knapp-Stout Co.* (U. S.), 26 L. Ed. 883; *McAllister* v. *Kuhn* (U. S.), 24 L. Ed. 615; *Oldham*

v. *Lafayette County Board of Drainage Commissioners,*
133 Miss. 505, 97 So. 885.

Appellant cites nine cases, beginning with *Powell* v.
*Stowers,* 47 Miss. 577, [which merely announced the
rule that pleading is construed most strongly against the
pleader. This is a well-known rule, but has no appli-
cation where a pleader has charged his ultimate facts
positively, but has not burdened the pleading with the
circumstances and evidence integral therein.

The following cases cited by appellant are not in
point. *Burns* v. *Smith County,* 102 Miss. 390, 59 So.
796; *McCreary* v. *Rhodes,* 63 Miss. 308; *McGee* v. *Beall,*
63 Miss. 455; *Board of Levee Commissioners* v. *Allen,*
60 Miss. 93; *Craft* v. *DeSoto County,* 79 Miss. 618; *State*
v. *Morgan,* 79 Miss. 659; *Lake* v. *Perry,* 95 Miss. 550,
49 So. 549; *Smythe* v. *Whitehead,* 133 Miss. 184; 97 So.
529; *Langstaff* v. *Durant,* 122 Miss. 471, 84 So. 459;
*Moore* v. *Somerville,* 80 Miss. 323; *Ponder* v. *Martin,*
119 Miss. 156; *Board of Supervisors of Lowndes County*
v. *Ottley,* 109 So. 851.

Argued orally by *H. L. Byrd,* Assistant Attorney-
General, and *W. H. Watkins,* for appellant, and *F. H.
Lotterhos* and *F. J. Lotterhos,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree overruling a demur-
rer to an original bill of complaint, and is for the pur-
pose of setting the principles of the case.

Chapter 189, Laws 1924, provides for a municipal
"fireman's disability and pension fund" for the relief
of firemen thereafter in service becoming disabled be-
cause of such service or old age, and for the relief of the
widows and children under sixteen years of age of fire-
men dying while in service, or who are retired because
of certain disabilities. The statute imposes a tax on
business done by insurance companies in municipalities

coming under its provisions to be collected by the insurance commissioner, and paid, by him, to the proper municipality, for appropriation by it to its fireman's disability and pension fund. The cities of Greenville, Meridian, and Hattiesburg are operating under the provisions of this statute.

The bill of complaint is against T. M. Henry, insurance commissioner, and was filed by the city of Greenville, the mayor thereof, and its board of pensions, the city of Hattiesburg, the mayor thereof, and its board of pensions, and the city of Meridian, its board of pensions, and two residents of Lauderdale county, B. C. Ragsdale, claiming and asserting certain rights as a fireman under the statute, and Mrs. W. H. S. White, alleged to be the widow of a deceased fireman, entitled to the benefits of the fireman's pension fund.

The bill alleges, in substance, that the fire insurance companies, doing business in Mississippi, paid the insurance commissioner the taxes levied against them by the statute, on business done by them in the complaint municipalities, but that defendant, on the advice of the attorney-general that the statute is void, refuses to pay to the municipalities the money so collected by him from the insurance companies; that the defendant threatens to return the money so collected by him to the insurance companies, and refuses to collect from them the taxes that will be due by them on the business hereinafter done by them in the municipalities. The bill further alleges that the names of the insurance companies and the amounts paid by them to the defendant are unknown to the complainants, and then sets forth:

"That these complainants all have equitable rights and interests in the creation, maintenance, and proper distribution of said funds as aforesaid in the carrying out of said system, but are without adequate remedy at law, as is manifest by reason of the nature of their several relationships as hereinbefore set forth, and unless proper division and allocation of said taxes now in

the hand of said insurance commissioner be made by him and paid into the several treasuries, as aforesaid, and such taxes be enforced and collected and distributed in the future as the same accrue, these complainants will suffer great loss, not alone to the extent of such taxes as may be thereby wrongfully lost to them and said funds, but also in that said system will be rendered impracticable and be destroyed, and that if actions at law against the insurance commissioner were attempted at this time because of the undisturbed taxes now in his hands, it would lead to and require a multiplicity of suits, and complainants would find it difficult to determine the exact amount of such funds properly distributable to each city, as aforesaid."

The prayer of the bill is:

"That, upon a final hearing hereof, this court ascertain and adjudicate the proper amount of said taxes on hand, payable to the treasuries, respectively, of each of said cities, for the purposes hereinbefore mentioned, and enjoin said defendant against returning any of said taxes to said insurance companies, and against longer retaining, or refraining from distributing the same properly among said several city treasuries, and against failure to continue to perform and carry out his official duties in connection with the reporting, enforcement, collection, and distribution of such taxes, hereafter accruing under said act; and complainants further pray for decree, in person, against said defendant, for the amount of taxes now on hand, properly distributable to said several treasuries, unless said defendant shall, within a short time to be fixed by the court, make such payments and distribution into said several treasuries as this court may find to be proper in the premises."

The parties will be referred to here as they were in the court below; that is, the appellant will be referred to as the "defendant," and the appellees as the "complainants."

One of the grounds of the demurrer is that the court below was without jurisdiction to hear and determine the cause. In support of the ruling of the court below it is said, first, that the complainants have the right to unite in a bill of complaint in equity, in order to prevent a multiplicity of suits; and, if mistaken in this, that, second, this court, under section 147 of the Constitution, cannot reverse the decree, because of any mistake of the court below in assuming jurisdiction of the cause.

The bill, it will be observed, was filed by three separate and distinct groups of complainants, each group seeking to enforce a cause of action against the defendant in which the other two groups have no interest. It is true that all these causes of action depend, for their solution, upon the same question of law and similar questions of fact, but that alone is insufficient to warrant a resort to equity, in order to prevent a multiplicity of suits. *Tribette* v. *Railroad Co.*, 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; *Telephone Co.* v. *Williamson*, 101 Miss. 1, 57 So. 559.

We will assume, but merely for the purpose of the argument, that if each group of complainants have the right to resort separately to equity, that all of them can unite in one suit.

The ground on which we understand the complainants to claim that each group thereof could resort separately to equity are, first, that they have no adequate remedy at law; and, second, that they are entitled to a discovery by the defendant of the amount of money in his hands which, under the statute, he should pay over to each municipality, and to an accounting by him therefor.

The relief sought by the complainants, other than a recovery from the defendant of the money he is alleged to have collected and to be unlawfully detaining from the municipalities, if they are entitled thereto, can be obtained as fully by a writ of mandamus as by a writ of injunction. As to the money which the defendant is al-

leged to be withholding from the complainants, the remedy at law of each of them is either a petition for a writ of mandamus commanding the defendant to pay it into the municipal treasury, or a personal action against him and his bondsmen for the recovery of a judgment therefor. This remedy by mandamus is adequate, unless a temporary injunction was necessary to prevent the defendant from returning the money to the insurance companies before a writ of mandamus could be issued. The bill does not allege any such necessity, and no temporary injunction was asked. The remedy by suit on the defendant's bond is also adequate unless his bondsmen are insolvent, and they are not alleged so to be.

The bill not only fails to disclose any necessity for a discovery by the defendant, but answer under oath thereto was waived. It is true, the bill alleges that the amount of taxes collected by the defendant from the insurance companies is unknown to the complainants, but it contains no allegation or interrogatory, the answer to which by the defendant would disclose the amount of taxes, if any, which he has collected from the insurance companies. Moreover, the bill shows no diligence, on the part of the complainants, to secure the information sought by means other than a bill of discovery. The defendant is a public officer. The amount of taxes, if any, which he has collected from the insurance companies should be a matter of record in his office, and the bill contains no allegation that the complainants called on the defendant for information as to the amount of such taxes and were refused. 18 C. J. 1069.

The jurisdiction of a court of equity over matters of account rests upon "three grounds, to-wit, the need of a discovery, the complicated character of the accounts, and the existence of a fiduciary or trust relation." 1 C. J. 613. The bill, as hereinbefore stated, discloses no ground for a discovery, nor does it disclose that the account of the defendant with the complainants is in any way complicated. In fact, it should be very simple,

for its items can only consist of the taxes, if any, collected by the defendant from the insurance companies.

Assuming, for the purpose of the argument, that the relation of the defendant to the complainants is that of a fiduciary or trustee, within the meaning of the rule hereinbefore set forth, it does not appear from the bill, as it should, in order to invest equity with jurisdiction, "that an accounting is necessary to determine the amount due" by the defendant. 1 C. J. 623.

Section 147 of the Constitution can have no application unless the circuit court would have the power to permit the complainants to join as plaintiffs in one action against the defendant. *Tribette* v. *Railroad Co., supra; Newton Oil & Mfg. Co.* v. *Sessum,* 102 Miss. 181, 59 So. 9; *Scottish Union Co.* v. *Warren Gee Lumber Co.,* 103 Miss. 816, 60 So. 1014.

The three groups of complainants could not have joined in one petition for a writ of mandamus (*Haskins* v. *Board of Supervisors,* 51 Miss. 406; *Ohlson* v. *Durfrey,* 82 Miss. 213, 33 So. 973), and to cite authority for holding that they could not join in one action at law for a personal judgment against the defendant would be supererogatory.

The court below, being without jurisdiction to try the cause, should have sustained the demurrer.

*Reversed, and bill dismissed.*