# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-01118-SCT

*KD HATTIESBURG 1128, INC., KD HATTIESBURG II 1128A, INC., KIMCO HATTIESBURG L.P., KIMCO HATTIESBURG II, L.P. AND KIMCO DEVELOPERS, INC.*

*v.*

*TURTLE CREEK CROSSING, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2016 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| TRIAL COURT ATTORNEYS: | MARK A. NELSON |
| | S. ROBERT HAMMOND, JR. |
| | LISA ANDERSON REPPETO |
| | ANDREW SCOTT HARRIS |
| | NICHOLAS KANE THOMPSON |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | LISA ANDERSON REPPETO |
| | ANDREW SCOTT HARRIS |
| ATTORNEYS FOR APPELLEE: | MARK A. NELSON |
| | S. ROBERT HAMMOND, JR. |
| | NICHOLAS KANE THOMPSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 02/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND ISHEE, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.	Turtle Creek Crossing, LLC, a minority interest holder in Kimco Hattiesburg, L.P.,

filed an action in circuit court after it learned it would receive no distribution from the sale

of the partnership's only asset—a multimillion-dollar shopping center. In its complaint, Turtle Creek alleges its fellow partners breached their fiduciary duties and conspired with each other, the partnership, and a sister partnership to market and sell the asset in such a way as to keep Turtle Creek from profiting. It also asserts the partnerships commingled and misallocated funds. Turtle Creek seeks an accounting and damages.

¶2. The defendants responded with a motion to transfer the entire action or, alternatively, sever and transfer the equitable claims to chancery court. After their motion was denied, they filed for—and were granted—this interlocutory appeal. According to the defendants, the predominant claim is for an accounting—an equitable claim that belongs in chancery court. And had this case been filed in chancery court, there would be a strong argument for the chancery court's original jurisdiction over the accounting claim, as well as pendant jurisdiction over the legal claims. But Turtle Creek did not file this action in chancery court. It filed it in circuit court. And the circuit court too has original jurisdiction not only over the accounting claim but also Turtle Creek's other legal claims.

¶3. Because Turtle Creek chose a forum with proper subject-matter jurisdiction, that choice must be respected. We affirm the circuit court's denial of the motion to transfer and remand for further proceedings consistent with this opinion.

## Background Facts and Procedural History

### I. Two Partnerships

¶4.     Kimco Hattiesburg, L.P., was formed in October 2004.  The aim of the limited partnership was to develop "Phase I" of the Turtle Creek Crossing shopping center on Highway 98 West in Hattiesburg, Mississippi, with Target as the anchor tenant.

¶5.     Under the original limited-partnership agreement, KD Hattiesburg 1128, Inc., was the general partner, with a one-percent interest.  Kimco Developers, Inc.,[1] was the Class A limited partner, with a forty-nine-percent interest.  And Turtle Creek Crossing, LLC,  was the Class B limited partner, with a fifty-percent interest.  But in October 2012, the limited-partnership agreement was amended.  By agreement, Turtle Creek Crossing transferred half of its interest in the partnership to one of its members, Eric Seitz, who in turn transferred his interest to Kimco Developers.  The following partnership structure resulted:

**Kimco Hattiesburg, L.P.**

| Partner | Class | Percentage Interest |
| --- | --- | --- |
| KD Hattiesburg 1128, Inc | General Partner | 1% |
| Kimco Developers, Inc. | Class A Limited Partner | 49% |
| Kimco Developers, Inc. | Class B Limited Partner | 25% |
| Turtle Creek Crossing, LLC | Class B Limited Partner | 25% |

¶6.     In May 2007, a second limited partnership, Kimco Hattiesburg  II, L.P., was formed to develop "Phase II" of the Turtle Creek Crossing shopping center, with Kohl's as the anchor tenant.  KD Hattiesburg II 1128A, Inc., was the general partner; Kimco Developers,

---

[1] Kimco Developers, Inc., is incorporated in Delaware.  All other entities in this suit are Mississippi corporations, companies, or partnerships.

the Class A limited partner; and Turtle Creek *Commons*, LLC,[2] was the Class B partner. As did Turtle Creek Crossing, Turtle Creek Commons transferred half of its interest in Kimco Hattiesburg II to member Seitz, who further transferred it to Kimco Developers in 2012, resulting in the following structure:

**Kimco Hattiesburg II, L.P.**

| Partner | Class | Percentage Interest |
|---|---|---|
| KD Hattiesburg II 1128A, Inc. | General Partner | 1% |
| Kimco Developers, Inc. | Class A Limited Partner | 49% |
| Kimco Developers, Inc. | Class B Limited Partner | 25% |
| Turtle Creek Commons, LLC | Class B Limited Partner | 25% |

¶7.    On November 4, 2015, general partner KD Hattiesburg 1128 notified Turtle Creek Crossing that a third party had offered $42,569,000 to buy Kimco Hattiesburg's single asset—Phase I of the Turtle Creek Crossing shopping center. That same day, KD Hattiesburg II 1128A notified Turtle Creek Commons of a third-party offer to buy Phase II for $5,531,000.

## II.    Turtle Creek Crossing's Complaint

¶8.    In response to the offers, Turtle Creek Crossing filed a complaint in the Lamar County Circuit Court on November 16, 2015. The company named as defendants both partnerships, Kimco Hattiesburg and Kimco Hattiesburg II; both general partners, KD Hattiesburg 1128

---

[2] Though they share the same members, Turtle Creek Commons is a separate legal entity from Turtle Creek Crossing.

4

and KD Hattiesburg II 1128A; and its fellow limited partner, Kimco Developers (collectively "Kimco" or "the Kimco Defendants").

¶9.     Turtle Creek Crossing accused the Kimco Defendants of breaching their duty of loyalty.  According to Turtle Creek Crossing, both properties were marketed together, even though they were the separate assets of separate limited partnerships.  As a result, the offer reflects the aggregate appraised value of the two properties combined, instead of the fair market value of each property.  And while selling the two properties together would benefit Kimco Hattiesburg II, KD Hattiesburg II 1128A, and Kimco Developers, the sale would damage Turtle Creek Crossing, which would receive no profits from the sale, based on the way the partnership agreement structured distributions.

¶10.    Turtle Creek Crossing also accused Kimco of commingling the funds of the two limited partnerships in one "Kimco main cash account" so that the funds belonging to Kimco Hattiesburg, L.P., cannot be separated out.  Such an "unorthodox accounting method," the complaint alleged, not only violated the limited partnership agreement and generally accepted accounting principles but also violated the defendants' duty of loyalty owed to Turtle Creek Crossing, which has been damaged as a result.

¶11.    Turtle Creek Crossing's complaint brought nine counts:

(1)     Accounting

(2)     Interference with Contract and Interference with Business Relations

(3)     Breach of Fiduciary Duty

(4)     Breach of Contract, Tortious Breach of Contract, and Anticipatory Breach of Contract

5

(5)     Injunction[3]

(6)     Punitive Damages

(7)     Negligence and Gross Negligence

(8)     Conspiracy

(9)     Declaratory Judgment

**III.     Kimco's Motions**

¶12.    Kimco responded with a motion to transfer or, alternatively, sever and transfer equitable claims. While this motion was heard on November 23, 2015, due to the pending motion for preliminary injunction,[4] the circuit court decided to hold this motion in abeyance. Kimco then filed its answer, asserting counterclaims of breach of contract, breach of the implied duty of good faith and fair dealing, civil conspiracy, and abuse of process.

¶13.    On March 4, 2016, Kimco filed a motion to dismiss. Kimco argued Turtle Creek Crossing's claims for legal damages constituted a derivative action, which Turtle Creek

---

[3] In this count, Turtle Creek Crossing sought to enjoin the sale of the Target property. Soon after the complaint was filed, the circuit court granted a preliminary injunction. While the sale of the two properties could go forward, the circuit court enjoined the two limited partnerships, Kimco Hattiesburg and Kimco Hattiesburg II, from distributing any of the profits. Instead, the $8,100,000 in profits had to "be segregated into separate depository account(s) and held in trust by the Defendants, pending further order of the [Circuit] Court, and all such proceeds shall be accounted for to the Court under the Courts' supervision, auspices and control."

In January 2016, the parties agreed to dissolve the injunction. While the agreed order to dissolve leaves unclear the reasons why, Turtle Creek Crossing's later amended complaint explains nonparty Kimco Realty Corporation—the Kimco Defendants' parent company—executed a guaranty agreement to hold the $8.1 million in escrow until this lawsuit ended, in case Turtle Creek Crossing should succeed.

[4] *See* note 3, *supra*.

6

Crossing lacked standing to bring on behalf of the partnership. Alternatively, the motion requested the court compel the joinder of Turtle Creek Commons, which Kimco argued was an indispensable party. Prior to the ruling on the motion to dismiss, Kimco reasserted its motion to transfer or, alternatively, sever and transfer equitable claims.

¶14. The circuit court heard both motions on July 8, 2016. The court denied the motion to dismiss, specifically finding Turtle Creek Crossing's claims were not derivative. But it granted the motion to compel the joinder of Turtle Creek Commons as an indispensable party. The court also denied the motion to transfer or, alternatively, sever and transfer equitable claims, expressly finding:

> [W]hile some of the relief requested in the Complaint may be equitable in nature, other relief sought are questions of law, and therefore the Court should retain jurisdiction. *Mark S. Bounds Realty Partners, Inc. v. Lawrence*, 34 So. 3d 1224, 1229 (¶14) (Miss. Ct. App. 2010) ("In cases in which some doubt exists as to whether a complaint is legal or equitable in nature, the better practice is to try the case in circuit court."). Further, "Recent cases hold that equitable claims are more appropriately brought before a circuit court when they are connected to a contractual relationship or other claims tied to questions of law." *Tyson Breeders, Inc. v. Harrison*, 940 So. 2d 230, 233 (¶9) (Miss. 2006). The motion is therefore denied.

¶15. Kimco filed for—and was granted—interlocutory appeal of the order denying its motion to transfer. It did not seek interlocutory appeal of the denial of the motion to dismiss.

## Discussion

### Motion to Transfer

¶16. A motion to transfer raises the question of subject-matter jurisdiction—a question this Court reviews de novo. *Derr Plantation, Inc. v. Swarek*, 14 So. 3d 711, 715 (Miss. 2009). This question is particularly amenable to interlocutory appeal, because once a case proceeds

7

to final judgment, that judgment will not be reversed based solely on subject-matter jurisdiction. *Tillotson v. Anders*, 551 So. 2d 212, 215 (Miss. 1989). *See also Derr Plantation*, 14 So. 3d at 716 ("A party aggrieved by the trial court's grant or denial of a motion to transfer may seek relief by pursuing an interlocutory appeal[.]").

¶17. This is why interlocutory appeal was granted in this case—to ensure on the front end that this case landed in the court with proper subject-matter jurisdiction. "To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought." *Derr Plantation*, 14 So. 3d at 716. *See also Trustmark Nat'l Bank v. Johnson*, 865 So. 2d 1148, 1151-52 (Miss. 2004) (emphasizing that the substance and not the form of the claim controls). And, indeed, at first blush, because of the equitable nature of the accounting claim, as well as Kimco's assertion that all Turtle Creek's legal claims were really improper derivative claims, it appeared that Turtle Creek may have filed an action in circuit court that really belonged in chancery court. But upon further review, we find no jurisdictional problem with Turtle Creek Crossing's choice—circuit court.

¶18. Kimco's main argument on appeal is that the predominant claim is for an accounting, and an accounting claim belongs in chancery court. The Mississippi Constitution does grant the chancery court jurisdiction over "suits involving inquiry into matter of mutual accounts." Miss. Const. art. 6, § 161. This jurisdiction, however, is not exclusive but rather *concurrent* with the circuit court. *Id.* Section 161 provides, "if the plaintiff brings suit in the circuit court, . . . the court *may*, on application of the defendant, transfer the cause to the chancery

court, if it appears that the accounts to be investigated are mutual and complicated." Miss. Const. art. 6, § 161 (emphasis added). But transfer is not mandatory.[5]

¶19. Still, chancery court "is the preferred court" to hear accounting matters. *Re/Max Estate Partners, Inc. v. Lindsley*, 840 So. 2d 709, 713 (Miss. 2003). "There are three factors to consider when deciding whether a court of equity has jurisdiction over matters of account, (1) the need of discovery, (2) the complicated character of the accounts, and (3) the existence of a fiduciary or trust relation." *Id.* at 712 (citing *Henry v. Donovan*, 148 Miss. 278, 114 So. 482, 484 (1927)). In this case, all three grounds are present. (1) There is a need for discovery. According to the complaint, without discovery, Turtle Creek Crossing has been unable to conduct an independent audit of Kimco's books. (2) The accounts are complicated. Again, according to the complaint, the accounts have been commingled and funds going in and out have been mislabeled. Moreover, the relief Turtle Creek Crossing seeks is based on a complex profit-sharing structure created by the partnership agreement. And (3) there exists a fiduciary relationship among the members of the partnership. *See Fought v. Morris*, 543 So. 2d 167, 170 (Miss. 1989) (citing *Ross v. Biggs*, 206 Miss. 542, 40 So. 2d 293, 296 (1949)) (recognizing a fiduciary relationship among partners).

¶20. Thus, had Turtle Creek Crossing brought its complaint in chancery court, as did the plaintiff in *Lindsley*, the chancery court would have original jurisdiction over the accounting

---

[5] This is a key distinction between this case and two cases on which Kimco relies, *Germany v. Germany*, 123 So. 3d 423 (Miss. 2013), and *Trustmark National Bank v. Johnson*, 865 So. 2d 1148 (Miss. 2004). In those cases, this Court held the respective divorce-related and testamentary-related claims could be tried only in chancery court. Moreover, in both cases, actions were already pending in chancery court.

claim and pendant jurisdiction over the other legal claims. *See **Lindsley***, 840 So. 2d at 714.

But *unlike* the plaintiff in ***Lindsley***, Turtle Creek Crossing did not bring its action in chancery court. Instead, "[p]resumably with the knowledge that concurrent jurisdiction between chancery and circuit court existed for this matter," Turtle Creek Crossing chose to bring its suit for equitable and legal relief in circuit court. *Id.* at 713. "This was [its] choice and, if proper and fair, must be respected here." *Id.*

¶21. We find Turtle Creek Crossing's choice of circuit court was both proper and fair.

¶22. It was proper because, as the circuit court recognized, while some of the relief requested may be equitable in nature, other relief sought was legal, establishing the circuit court's jurisdiction over the entire complaint. *See **Derr Plantation***, 14 So. 3d at 716 ("[I]f the complaint seeks legal relief, even in combination with equitable relief, the circuit court can have proper subject matter jurisdiction."). Kimco is dismissive of Turtle Creek Crossing's legal claims, calling them an improper derivative action[6] that should not dictate the jurisdictional question. But the circuit court rejected Kimco's derivative-action argument when it denied Kimco's separate motion to dismiss—a motion that is not part of this interlocutory appeal.[7] Even so, without straying too far into an interlocutory issue that

---

[6] Stated simply, a "derivative action" is one brought on behalf of a corporation (or in this case a partnership). An interest holder brings the action in the name of the corporation to recover for injuries to the corporation. ***Mathis v. ERA Franchise Sys., Inc.***, 25 So. 3d 298, 303 (Miss. 2009). To be able to bring a derivative action on behalf of a corporation, an interest holder must follow certain procedures—procedures that were not followed here, as Kimco is quick to point out. *See **Scafidi v. Hille***, 180 So. 3d 634, 646 (Miss. 2015).

[7] Moreover, this argument ignores the fact Kimco countered in its answer with its own legal claims.

10

remains within the trial court's jurisdiction, it plainly appears from the face of the complaint that at least some of Turtle Creek Crossing's legal claims form a direct action.[8]

¶23.    Turtle Creek Crossing alleges the Kimco defendants conspired against *it*, not the partnership, and manipulated the accounting and sale price of the Target property in violation of the fiduciary duties owed *it*, not the partnership. *See Fought*, 543 So. 2d at 171 (recognizing members of closely-held corporation—like members of partnerships—owe fiduciary duties to each other in addition to the corporation). Indeed, its theory of liability is that the defendants structured the sale in such a way that the partnerships would profit but Turtle Creek Crossing would not. In other words, Turtle Creek Crossing seeks to recover for its own injuries, not just injuries to the partnership as a whole. *See, e.g.*, *Brothers v. Winstead*, 129 So. 3d 906, 923-24 (Miss. 2014) (recognizing an LLC member had an individual claim for legal damages for the breach of fiduciary duties owed him, which was separate from a claim of breach of fiduciary duties owed to the company). Thus, for these individual legal claims, Turtle Creek Crossing has properly sought legal relief in the circuit court—the court of general jurisdiction. *See Tillotson*, 551 So. 2d at 215 (citing Miss. Const. art. 6, § 156).

¶24.    In addition to being proper, Turtle Creek Crossing's choice of court also was fair. Under our constitution, "the right of trial by jury shall remain inviolate." Miss. Const. art. 3,

---

[8] In contrast to a derivative action, in a "direct action," an interest holder brings an action on his own behalf "to redress an injury sustained by, or enforce a duty owed to, the holder." *Mathis*, 25 So. 3d at 303. "An action in which the holder can prevail without showing an injury or breach of duty to the corporation should be treated as a direct action that may be maintained by the holder in an individual capacity." *Id.*

§ 31. But only in circuit court can Turtle Creek Crossing exercise this right. *See **Burnette v. Hartford Underwriters Ins. Co.***, 770 So. 2d 948, 952 (Miss. 2000) (recognizing the plaintiffs' "right to a jury trial would be infringed upon if this case were heard in chancery court"). For this reason, we have held that any doubt should be resolved in favor of circuit-court jurisdiction. ***Derr Plantation***, 14 So. 3d at 716 (citing ***Burnette***, 770 So. 2d at 952).

¶25.    So because Turtle Creek Crossing's decision to file its action in circuit court, versus chancery court, was both proper and fair, as in ***Lindsley***, it should "be respected here." ***Lindsley***, 840 So. 2d at 713. We affirm the circuit court's denial of the motion to transfer and remand this case for further proceedings consistent with this opinion.

¶26.    **AFFIRMED AND REMANDED.**

   **WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**